No. 21-2697

In the United States Court of Appeals
For the Seventh Circuit

**JAMES COURTNEY,**
*Plaintiff-Appellant*
v.
**KIMBERLY BUTLER, et al.**
*Defendants-Respondents*

On Appeal from the United States District Court
For the Southern District of Illinois.
No. 3:16-cv-1062-NJR.  The Honorable Nancy
J. Rosenstengel

**APPELLANT'S OPENING BRIEF**

**BROWN & JAMES, P.C.**

/s/ Benjamin S. McIntosh
Timothy J. Wolf, #6278879
Benjamin S. McIntosh, #6325759 (counsel of record)
800 Market Street, 11th Floor
St. Louis, MO  63101-2501
314-421-3400
314-421-3128 - FAX
twolf@bjpc.com
bmcintosh@bjpc.com

### DISCLOSURE STATEMENT

Plaintiff/Appellant James Courtney is an individual. He has been represented by the law firms of Brown & James, P.C., and Quarles & Brady, LLP, throughout the life of this case.

### TABLE OF CONTENTS

Disclosure Statement……………………………………………………………………………i

Table of Contents……………………………………………………………………………ii

Table of Authorities…………………………………………………………………………iii

Jurisdictional Statement……………………………………………………………………..1

Statement of the Issue Presented…………………………………………………………….2

Statement of the Case………………………………………………………………………...3

Summary of the Argument…………………………………………………………………11

Argument…………………………………………………………………………………...12

    I.     Standard of Review………………………………………………………..12

    II.    The District Court erred in entering judgment against Courtney because the Heck doctrine does not apply where, as here, the Plaintiff's Section 1983 claims do not imply the invalidity of the Plaintiff's conviction or sentence………………………………12

Conclusion…………………………………………………………………………………17

Proof of Service. ………………………………………………………………………...18

Certificate of Compliance…………………………………………………………………19

Rule 30(b) Certification……………………………………………………………………20

<u>**TABLE OF AUTHORITIES**</u>

<u>**Cases**</u>

*Barnes v. City of Centralia, Illinois*, 943 F.3d 826, 828 (7th Cir. 2019)…………………………..12

*Berg v. New York Life Ins. Co.*, 831 F.3d 426 (7th Cir. 2016)…………………………………………..12

*Childress v. Walker*, 787 F.3d 433 (7th Cir. 2015) ………………………………………………8

*Courtney v. Butler*, 756 F. App'x 626 (7th Cir. 2019). ………………………………………………..8

*Frederick v. LeBlanc*,

     No. CV 18-682-SDD-RLB, 2020 WL 2121109 (M.D. La. May 4, 2020)………………15

*Heck v. Humphrey*, 512 U.S. 477 (1994). ………………………………………………………1, 13

*Ortiz Villagran v. United States*,

     No. EP19CV00336DCGATB, 2020 WL 1854832 (W.D. Tex. Apr. 13, 2020)…………15

*Polzin v. Gage*, 636 F.3d 834 (7th Cir. 2011). ……………………………………………………..12

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*,

     786 F.3d 510 (7th Cir. 2015)……………………………………………………………12

*Traweek v. Gusman*, 414 F. Supp. 3d 847 (E.D. La. 2019)………………………………………..15-16

*Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020)…………………………………………………13-14

*Whitfield v. Howard*, 852 F.3d 656 (7th Cir. 2017)…………………………………………………14-15

<u>**Statutes**</u>

28 U.S.C. § 1291…………………………………………………………………………………..1

28 U.S.C. § 1331…………………………………………………………………………………..1

28 U.S.C. § 2106……………………………………………………………………………..………1

28 U.S.C. § 2107…………………………………………………………………………………..1

42 U.S.C. § 1983……………………………………………………………………1, 11-15, 17

## J&#x1D1B;RISDICTIONAL S&#x1D1B;ATEMENT

The District Court had subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff/Appellant Courtney brought claims under 42 U.S.C. § 1983 ("§ 1983"). The jurisdiction of the United States Court of Appeals for the Seventh Circuit is brought under 28 U.S.C. § 1291, 28 U.S.C. §§ 2106–07 in that this is an appeal from a final decision of the District Court seeking to reverse the Judgment of the District Court granting Defendants' Motion for Reconsideration and barring Plaintiff's claims under 42 U.S.C. § 1983 and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution based upon the doctrine created in *Heck v. Humphrey*, 512 U.S. 477 (1994).  The final judgment and order sought to be reviewed was entered by the District Court on August 16, 2021.  The appeal is from an order and final judgment that adjudicated all of the claims with respect to all parties, and no parties or issues remain in the District Court. The Notice of Appeal was filed on September 15, 2021. No motion for new trial or other similar motion was filed.

### STATEMENT OF THE ISSUE PRESENTED

I.  Whether the District Court erred in entering judgment dismissing Plaintiff's § 1983 claims by reasoning the *Heck* doctrine bars Plaintiff's claims under Section 1983, even though Plaintiff's claims seek to vindicate, not collaterally attack, his criminal conviction and sentence for a period of mandatory supervised release?

<u>**STATEMENT OF THE CASE**</u>

For purposes of this appeal, the facts are viewed in the light most favorable to Plaintiff/Appellant James Courtney because his § 1983 claims were dismissed by the district court as a matter of law in connection with summary judgment proceedings.

**I.     Factual Background**

On May 18, 2012, Plaintiff/ James Courtney entered the custody of the Illinois Department of Corrections ("IDOCS") at Menard Correctional Center. (Doc. 138, at 3). On July 31, 2012, Plaintiff was sentenced to serve three years, with one year of Mandatory Supervised Release ("MSR") by the Circuit Court of Marion County, Illinois, for failure to register as a sex offender. (Doc. 132-2, at 1-2). This sentence was to run concurrent with another sentence from the Circuit Court of Hamilton County, Illinois, from May 3, 2012, in which Plaintiff was sentenced to three years with an additional two years of MSR. (Doc. 132-2, at 2). Pursuant to these sentences, Plaintiff's calculate MSR release date was projected as October 5, 2013. (Doc. 132-5; Doc. 138, at 3-4). This was ultimately revised to October 4, 2013, because October 5 fell on a weekend day.

At the time relevant to this appeal, to be released on MSR, an offender at Menard must submit a proposed host site to the Field Services office for approval. (Doc. 138, at 19). The Field Services office has an obligation to assist offenders scheduled for MSR in obtaining a placement site and developing a release plan. (Doc. 138, at 19; Doc. 138-18, at 92-93; Doc 138-1, at 2-3). The Chief Administrative Officer, also known as the Warden, is charged with ensuring Field Services fulfill this obligation beginning 12 months before an offender's scheduled release date. (Doc. 138-1, at 2-3). In turn, the Field Services office sends the proposed host sites submitted by offenders to the parole office to investigate the host site and approve or reject it. (Doc 138, at 20; Doc. 138-1, at 4-7).

If a proposed host site is rejected, the Field Service Representative is required to develop alternative release plans and must contact the Placement Resource Unit so they may "provide an approved alternative address," including "transitional housing" (AKA a halfway house). (Doc. 138-2, at 1-5). IDOC's policy in 2013 and 2014 was to reserve any sex offender housing, including approved halfway houses, for registered sex offenders because fewer housing options are available to them. (Doc. 138-19, at 21-22). The only halfway house in Illinois available to sex offenders in 2013 and 2014 was Another Chance Ministries, located in East St. Louis. (Doc. 138-19, at 53-54; Doc. 138-16; Doc. 138-17).

On August 29, 2012, over a year before his scheduled MSR date, Courtney submitted a Parole Plan to the Field Services office at Menard, proposing a MSR host site of 722 Rhodes, Centralia, IL 62801 where he would live with his friend, Faye Milburn. (Doc. 138-3). Critically, in this Parole Plan Courtney alternatively proposed he be released on MSR to a halfway house in East St. Louis – that is, Another Chance Ministries. (*Id.*). However, Courtney later submitted a letter to the Menard Field Services office revising his planned host site, stating: "Faye Millburn's – 633 N. Locust St., Centralia, IL, 62801 [sic] her phone # is (618) 339-8253 or . . . the halfway house in E. St. Louis." (Doc. 138-18, at 127; Doc. 132-6). Plaintiff also proposed an alternative host site at another property owned by Faye Milburn at 1124 N. Maple Street, Centralia, Illinois. (Doc. 132-3, at 71-72).

On June 20, 2013, the Prisoner Review Board approved Plaintiff to be released on MSR. (Doc. 138-4, at 3). However, despite his revision to his proposed host site, only the stale 722 Rhodes host site proposal was investigated by IDOC and was rejected in August of 2013. (Doc. 138-18, at 139-141; Doc. 138-19, at 57). The other proposed addresses were not investigated.

Likewise, before his scheduled October 4, 2013, release date, no one from IDOC submitted Courtney for placement in Another Chance Ministries. (Doc. 138-19, at 53).

Despite the rejection of his host site nearly two months before he was supposed to be released, Courtney learned for the first time on October 4, 2013, that he would not be released on MSR—but would instead remain imprisoned at Menard—because he was being "violated at the door" for failure to have a proper host site.  (Doc. 132-6; Doc. 138-6; 138-12, at 1). At this point, it was a requirement that Courtney be submitted for placement in a halfway house. (Doc. 138-18, at 188-189). Although Plaintiff's host site was rejected, he was never submitted to the Placement Resource Unit, and he was *never* submitted to Another Chance Ministries for halfway house placement. (Doc. 138-19, at 52-54).

On October 4, 2013, Courtney sent three letters to Defendants Godinez, Harrington, and Butler notifying them that he had a proper MSR host site at North Maple Street and stated the Defendants were violating his constitutional rights. (Doc. 132-9, at 1-3; Doc. 138-20).[1] These letters were ignored. (Doc. 138-3, at 86). That same day, Courtney submitted a grievance in which he complained he was being held hostage past his MSR outdate when he had a "good parole site to parole to." (Doc. 132-7). Courtney marked this grievance an "emergency," meaning it would go directly to the Warden's office – Defendant Harrington. (*Id*.; Doc. 138-18, at 28-29, 168-69, 171-72).[2] This grievance was also ignored. (Doc. 132-3, at 88).

---

[1]    At the time, Godinez was the IDOC Director, Harrington was the Warden at Menard, and Butler was an assistant Warden at Menard. (Doc. 132-18, at 1; Doc. 138-24, at 1; Doc. 138-21, at 1). Defendant Lashbrook, discussed later herein, was a Major at Menard at the time. (Doc. 132-16, at 1)

[2]    Courtney wrote an exact duplicate of this grievance for his records. Menard did not produce this grievance in the litigation and Defendants dispute it was submitted. However, as the facts must be construed in Courtney's favor, we must assume for this appeal that the grievance was submitted to and ignored by Defendant Harrington.

On October 15, 2013, Courtney sent four additional letters to the four Defendants – Godinez, Harrington, Butler, and Lashbrook – again complaining he was being illegally held past his MSR outdate. (Doc. 132-9, at 4-7; Doc. 138-20). All four letters noted that Courtney had learned other offenders—including non-sex offenders with greater latitude in selecting housing—were being released to Another Chance Ministries with later release dates than Courtney. (*Id.*). For example, in his letter to Defendant Butler, Courtney stated:

> I just found out that you all are sending non sex offenders whose outdate is past mine to the sex offender's halfway house in East St. Louis that I applied for back in March or April in case may parole site was denied. I hope you know your [sic] wrong for that and holding me hostage past my MSR outdate when I have a good parole site to parole to. Will be waiting for an answer from you.

(132-9, at 7). These letters were also impermissibly ignored. (Doc. 132-3, at 102; Doc. 138-18, at 177-79).

On October 18, 2013, Courtney filed another grievance in which he stated he was being held illegally by IDOC because he had a valid host site to be released to, and further stating that Field Services was failing to assist him in locating an alternative host site. (Doc. 132-11). On October 25, 2013, Courtney's correctional counselor denied this grievance by inaccurately stating, in part, that "a half-way house is currently under investigation" for Courtney. (Doc. 138-7). On December 18, 2013—two months after this grievance was filed—Grievance Officer Linda Carter affirmed the denial of the grievance and determined no further action was necessary. (Doc. 132-13). Although Courtney remained incarcerated over this period, Carter incorrectly concluded in her report that Courtney was submitted for a halfway house on November 8, 2013. (*Id.*). On December 24, 2013, Defendant Harrington and/or Lashbrook reviewed and concurred with the decision to deny this grievance supposedly because he was submitted for placement in a halfway house. (*Id.*; Doc. 138-189, at 192-93).

6

Courtney disagreed with these findings and submitted the October 18 grievance for review by the Office of Invoice Issues and the Director of IDOC, Defendant Godinez, stating:

> This is [sic] issue is not resolved. No one contacted me from field services or anyone else talked to me about my release. I submitted my parole site in July 2013. Per Linda Carter … I should have been submitted in July 2013 or August 2013 – Been submitted 4 a halfway house on 11-8-13. Field service people are not doing their job.

(Doc. 132-13). Courtney's appeal of this grievance was received by the Office of Inmate Issues on January 3, 2014. (*Id*.).[3] Over a month later, on February 10, 2014, the Office of Inmate Issues prepared a letter stating it had reviewed his grievance and Linda Carter's report—which incorrectly stated Courtney had been submitted for a halfway house three months prior—denying Courtney's grievance without a hearing and taking no action to rectify Courtney's continued imprisonment. (Doc. 138-9). On February 13, 2014, Defendant Godinez concurred with the decision to deny Courtney's grievance and do nothing for him. (*Id*.). This letter was sent to the Warden's office at Menard and received by Defendant Harrington and/or his staff on March 5, 2014, almost five months after Courtney originally filed his grievance. (Doc. 138-18, at 194-99).

On April 15, 2014—over six months after Courtney's scheduled MSR outdate—he sent another letter to Defendant Butler (now the Warden), advising her yet again that he was being unconstitutionally incarcerated past his release date. The letter stated:

> I'm writing you for the second time. I wrote you a letter on 10-4-13 letting you know that you are violating my constitutional rights by holding me hostage past my MSR outdate which was 10-4-13. I never received a response from you [sic] perhaps you can tell me why you all are holding me hostage past my MSR outdate when I had a good parole site to parole to. Also I'd like to know why you all are sending non sex-offenders (with outdates that are past mine), to the sex-offenders halfway house. I've written grievances on both these matters, as usual I never received a response back from anyone. Just so's you know I'm writing a second letter word for word for my records in case you claim to of not gotten both my letters.

---

[3]     This is demonstrated by the stamp on Doc. 132-13.

7

(Doc. 132-9, at 8). This was also ignored.

Courtney was ultimately discharged from Menard upon expiration of his sentence on October 3, 2014. (Doc. 138-11; Doc. 138-12). He never was released on MSR per his judicial sentence. As it turns out, the Defendants misrepresented to Courtney that he was submitted for a halfway house. He never was, and they never investigated the other host sites he proposed. And they each admitted in interrogatory response to having no recollection of communicating with anyone or taking any action to effectuate Courtney's release from Menard. (Doc. 138-22; Doc. 138-23; Doc. 138-25; Doc. 138-26). A single phone call by any of the Defendants to the Placement Resource Unit over the months Courtney's remained incarcerated would have resulted in Courtney's release on MSR. While Courtney continuously pleaded for the Defendants to act, 105 other offenders in Illinois were released to Another Chance Ministries between 2013 and 2014. (Doc. 138-19, at 19, 27). At least 50 of these offenders, if not more, had MSR outdates *after* Courtney's. (*Id.*).

## II.    <u>Procedural History</u>

Acting *pro se*, Courtney initiated his § 1983 claims against Godinez, Harrington, Butler, and Lashbrook on September 19, 2016. (Doc. 1). The district court dismissed multiple iterations of his Complaint, eventually leading to a dismissal with prejudice. The matter was appealed to this Court, where the Illinois Attorney General's Office conceded that "Butler and Lashbrook violated [Courtney's] Eighth Amendment rights when he alleged that they knew he was being unlawfully held past his release date and did nothing in response." *Courtney v. Butler*, 756 F. App'x 626, 627 (7th Cir. 2019). This Court agreed, noting "[a] plaintiff states an Eighth Amendment claim 'if he is detained in jail for longer than he should have been due to the deliberate indifference of corrections officials." *Id.* (quoting *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015)).

After remand, counsel was appointed for Courtney. To clarify the pleadings, Courtney's counsel moved for leave to file a Third Amended Complaint, making clear what Courtney intended in all of his Complaints: to include Godinez and Harrington as parties. (Doc. 63, at 2-4). The Court granted this motion and permitted the filing of the Third Amended Complaint, which made clear that Godinez and Harrington were Defendants and added a § 1983 claim for a violation of procedural due process. (Doc. 64; 67). On December 9, 2019, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint. (Doc. 80). They failed to raise the *Heck* doctrine as a defense at that time. (*Id.* at 33-34).

On March 23, 2020, Defendants moved for leave to add a defense under *Heck*. (Doc. 97). Courtney filed an opposition to this motion, arguing Defendants' motion was futile because *Heck* clearly did not apply. (Doc. 98). At that time, Courtney stated:

> Courtney's § 1983 claims are based on an unconstitutional failure by prison officials to carry out his judicial sentence, thus prolonging his imprisonment past his release date. If Courtney is successful in his § 1983 claims, the resulting judgment will not contradict the underlying criminal judgment. To the contrary, Courtney's claim is about Defendants' failure to act consistently with his criminal sentence by wrongfully detaining him past his scheduled date for mandatory supervised release. Thus, according to the express reasoning of the Supreme Court in Heck, here, a judgment for Courtney "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, [so] the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487.

(Doc. 98, at 5).

The Honorable Reona J. Daly agreed with Courtney's arguments and denied Defendants' motion for leave to add a *Heck* defense. (Doc. 111). At that time the district court reasoned:

> Based on the foregoing, it appears Defendants' motion rests not on the precise holding in *Savory*, which is not applicable to the motion at hand, but on the fact that *Whitfield* has now been overruled.

> Contrary to Defendants' motion, the mere fact that *Whitfield* has been overruled does not provide for a *Heck* defense in this case as the facts here are easily

9

distinguishable. In *Whitfield*, the plaintiff filed a suit under § 1983 alleging his constitutional rights were violated by his improperly postponed release. During his incarceration, Whitfield received retaliatory disciplinary tickets that resulted in findings of guilt and was punished with a total of 16 months in revoked good conduct credit. Whitfield's argument, therefore, was that the loss of his good conduct credit postponed what would have been his earlier release. Thus, in *Savory*, the Court determined that *Heck's* favorable termination requirement applied and Whitfield was obligated to obtain a favorable termination of the disciplinary proceedings at issue to pursue a claim under § 1983.

Here, Plaintiff contends his release from prison was unconstitutionally postponed, but not for the same reasons as those set forth in *Whitfield*. Indeed, Plaintiff here makes no claim that undercuts his conviction or his imprisonment. Rather, Plaintiff claims he was imprisoned beyond his mandatory supervised release date despite his compliance with all conditions that would necessitate his release to parole under Illinois law. A finding in this case that Plaintiff was imprisoned despite complying with all requirements of parole would not undercut his conviction. Moreover, a finding that this action would be barred by *Heck* is inapposite insofar as it is not at all clear what conviction Plaintiff would need to receive a "favorable termination" on before bringing this suit.

(Doc. 111, at 4-5). After discovery, Defendants filed a motion for summary judgment. In it, they requested relief under the *Heck* doctrine. (Doc. 131; Doc 132, at 27-29). Defendants contemporaneously filed a motion to reconsider the district court's order denying them leave to assert *Heck*. (Doc. 129). After the summary judgment motion was fully briefed, the case was reassigned to Chief District Judge Nancy J. Rosenstengel. (Doc. 144). Judge Rosenstengel reversed course. She granted the motion for reconsideration, reasoning that *Heck* applies and ordering Courtney's claims dismissed without prejudice. (Doc. 145). This appeal followed.

## SUMMARY OF THE ARGUMENT

*Heck v. Humphrey* is a limited doctrine designed to show respect for state court judgments. The state court judgment that sent Courtney to prison carried a judicial sentence of one year of MSR, which would have allowed him to be released from prison with conditions. Courtney was wrongfully imprisoned during the entirety of his MSR sentence. The Defendants continuously ignored Courtney's pleas as he informed them he had a proper host site to which he could be released. The Defendants also ignored the red flags of Courtney's continued incarceration when he should have been released to a halfway house. As it turns out, nobody investigated the host sites Courtney submitted and nobody submitted Courtney for halfway house placement. Had the Defendants not ignored Courtney, he would have been released on MSR.

Courtney sued the Defendants under § 1983, alleging their deliberate indifference deprived him of his right to be released on judicially sentenced MSR. Yet the district court—after first agreeing the *Heck* bar doesn't apply—held that *Heck* bars Courtney's claims. The district court's reading of *Heck* is untenable. Only the Defendants have disrespected the state court judgment at issue in this case. A judgment for Courtney would not undermine that judgment, but would validate his judicial sentence instead. Thus, the district court should be reversed.

<u>**ARGUMENT**</u>

## I.    Standard of Review

This Court reviews *de novo* the dismissal of a complaint under the *Heck* doctrine. *Polzin v. Gage*, 636 F.3d 834, 837-38 (7th Cir. 2011). Alternatively, because the district court entered judgment against Courtney based on summary judgment briefing concerning the *Heck* doctrine (*See* Doc. 145, at 1-2),[4] the Court may apply the standard of review for the district court's entry of summary judgment. Grants of summary judgment are also reviewed *de novo*. *Barnes v. City of Centralia, Illinois*, 943 F.3d 826, 828 (7th Cir. 2019). Regardless of whether this Court reviews this matter as one involving dismissal or summary judgment, the facts and reasonable inferences in the record must be construed in Courtney's favor as the non-moving party. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 526 (7th Cir. 2015) (all factual allegations in complaint accepted as true when considering motion to dismiss); Berg v. New York Life Ins. Co., 831 F.3d 426, 428 (7th Cir. 2016) (Court "constr[es] the facts in the light most favorable to the non-moving party").

## II.    The District Court erred in entering judgment against Courtney because the *Heck* doctrine does not apply where, as here, the Plaintiff's Section 1983 claims do not imply the invalidity of the Plaintiff's conviction or sentence.

The basis for Courtney's § 1983 claims is simple: the Defendants violated his constitutional rights by failing to administer his judicial sentence by treating him with deliberate indifference, resulting in his wrongful imprisonment for one year. Courtney's judicial sentence included a one-year term of MSR during which Courtney was entitled to be released from prison with conditions.[5]

---

[4]    In these pages the district court cited to the parties' summary judgment briefing and exhibits.

[5]    In its Memorandum and Order, the District Court vexingly states that Courtney argued MSR was *not* part of his sentence. The District Court's apparent misunderstanding of Courtney's position betrays its misunderstanding of the application of *Heck*—or, better, its inapplicability—

The Defendants ignored Courtney while he repeatedly informed them he had multiple proper host sites to which he could be legally released on MSR, keeping him imprisoned when he should have been released. As such, Courtney's § 1983 claims seek to *vindicate* his judicial sentence and, if successful, would be consistent with his underlying criminal conviction and sentence. Therefore, the *Heck* doctrine does not apply and the District Court's judgment dismissing Courtney's claims was erroneous.

"In general, exhaustion of state remedies 'is not a prerequisite to an action under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). The *Heck* doctrine is a limited exception to this rule that requires a § 1983 plaintiff to show that underlying state proceedings terminated in his favor before bringing his § 1983 claims in federal court. *Id.* at 486-87. *Heck* applies *only* to cases where "judgment in favor of the plaintiff would ***necessarily imply the invalidity*** of his conviction or sentence ..." *Id.* at 487 (emphasis added). Therefore, under *Heck*, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487. Here, the District Court incorrectly found this Court's decision in *Savory* mandated that, although Courtney seeks to vindicate his judicial sentence, *Heck* extends to this case. This strained reading of *Savory* turns *Heck* on its head.

In *Savory*, the § 1983 plaintiff was allegedly wrongfully convicted of rape and murder due to officer misconduct in coercing a confession and suppressing material exculpatory evidence. *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020). The plaintiff was eventually released on parole for 5 years. *Id.* He then had the remainder of his sentence commuted. He was later pardoned

---

in this case. All along Courtney has argued the Defendants acted *inconsistently* with his judicial sentence by keeping him imprisoned when he was entitled to be released on MSR.

by the Illinois governor and filed his § 1983 claim less than two years later. *Id.* This Court faced the question of whether Savory's § 1983 claims accrued when his sentence was commuted or when he was pardoned in light of *Heck*. Explaining the policies underlying the *Heck* doctrine barring §1983 claims based on *wrongful conviction* without favorable outcomes, the *Savory* court stated:

> [The] favorable-termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments. ... The requirement likewise avoids allowing collateral attacks on criminal judgments through civil litigation. ... These concerns track similar concerns for finality and consistency that have motivated this Court to refrain from multiplying avenues for collateral attack on criminal judgments through civil tort vehicles such as § 1983.

*Id*. at 417. Thus, "[c]laims that relate only to conditions of confinement and ***that do not implicate the validity of the conviction or sentence are not subject to the Heck bar***." *Id.* at 430–31.

Following Heck's reasoning that wrongful conviction claims most closely resemble common law malicious prosecution claims, *Savory* found that "[b]ecause Savory's claims 'would necessarily imply the invalidity of his conviction or sentence,' his section 1983 claims could not accrue until 'the conviction or sentence ha[d] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Id.* Thus, Savory's claims accrued, and the statute of limitations began to run, when he was pardoned by the governor. *Id.* at 417-18, 29. Nothing in the *Savory* decision could be construed as extending *Heck* to § 1983 claims, like Courtney's, that allege prison officials unconstitutionally failed to administer the plaintiff's judicial sentence and thus wrongfully prolonged his incarceration.

After first concluding that *Whitfield* was distinguishable from this case, the district court reversed itself and decided that *Savory's* overruling of *Whitfield* meant that *Heck* bars Courtney's claims. The district court was right the first time. In *Whitfield*, three disciplinary proceedings

14

against the plaintiff resulted in revocation of 16 months of good time credit. *Whitfield v. Howard*, 852 F.3d 656, 658 (7th Cir. 2017). The plaintiff claimed these disciplinary proceedings were the result of unconstitutional retaliation in violation of his First Amendment Rights. *Id*. The plaintiff filed grievances and state court proceedings which all failed to overturn the discipline that resulted in revocation of good time credits. *Id*. at 658-59. In *Whitfield*, the plaintiff's extended incarceration related directly to these disciplinary proceedings which he failed to overturn. In contrast, here, Courtney's *judicial sentence* included a term of MSR. Whereas *Whitfield's* § 1983 claims would have invalidated disciplinary proceedings, here, Courtney's § 1983 claims would only serve to vindicate his judicial sentence. The Defendants' failure to properly administer that sentence deprived Courtney of a year of conditional liberty and is the only subject of Courtney's claims. *Whitfield* is distinguishable. *Savory's* overruling of *Whitfield* is irrelevant.

Indeed, federal courts addressing the precise situation faced by Courtney have refused to apply the *Heck* bar.[6] For example, in *Traweek*, the § 1983 plaintiff claimed he was unconstitutionally imprisoned 20 days past his release date. *Traweek v. Gusman*, 414 F. Supp. 3d 847, 859 (E.D. La. 2019). Like here, the defendant prison officials argued *Heck* barred the plaintiff's claims for lack of a favorable termination. *Id*. at 858. The Eastern District of Louisiana disagreed, stating:

> By seeking to impose the <u>Heck</u> procedural bar to Mr. Traweek's claims, the defendants emphasize form over substance, begin from faulty assumptions and ignore a critical component of <u>Heck</u> that is absent here. If Mr. Traweek succeeds on the merits, neither his underlying conviction for aggravated battery nor his seven-month sentence will be impliedly invalidated. ... Here, Mr. Traweek challenges neither his conviction nor his sentence. He accepts both. Therefore, the

---

[6] *See, e.g.*, *Frederick v. LeBlanc*, No. CV 18-682-SDD-RLB, 2020 WL 2121109, at *5 (M.D. La. May 4, 2020); *Ortiz Villagran v. United States*, No. EP19CV00336DCGATB, 2020 WL 1854832, at *5 (W.D. Tex. Apr. 13, 2020), report and recommendation adopted sub nom. *Ortiz Villagran v. Cty. of El Paso, Texas*, No. EP-19-CV-00336-DCG, 2020 WL 4012579 (W.D. Tex. July 2, 2020).

reasoning underlying Heck's favorable termination prerequisite is simply not implicated: **it would be illogical to require Mr. Traweek to first seek to invalidate his conviction or sentence in order to proceed in this lawsuit**. The constitutional violation he advances here is that he was imprisoned 20 days past his release date; **he does not take issue with his criminal judgment of conviction or the sentence rendered, but, rather, challenges the constitutionality of the administration of his release after he had served his sentence**. Mr. Traweek alleges that his jailers failed to timely release him once the legal basis to incarcerate him had expired by court order. The only conduct the factfinder will probe is that performed by jail officials in administering his release after his release date.

*Id*. Thus, the court held that Traweek's claims "will not demonstrate or imply the invalidity of any criminal judgment or court-imposed sentence," so "*Heck's* procedural bar is patently inapplicable." *Id*. at 860.

Here, Courtney does not seek to invalidate his MSR sentence, so *Heck* doesn't apply. The Parole Board approved Courtney for release on MSR. The only reason he was not released—and the only reason he was "violated at the door"—was because Defendants ignored Courtney's repeated attempts to inform them of his proper host site and his desire to be released to a halfway house. IDOC policy—which the Defendants were charged with upholding—required that Courtney be submitted for halfway house placement on the very day he was "violated at the door." That never happened. Instead, the Defendants ignored his grievances and letters while he continued to languish in prison. Despite these letters and grievances, months passed with no one checking whether: (1) Courtney had submitted a host site besides 722 Rhodes (he had before his scheduled release date); or (2) anyone submitted him for placement at a halfway house. Thus, as in *Traweek*, the Defendants failed to administer Courtney's judicial sentence, depriving him of MSR.

It cannot be emphasized enough that Courtney claims he was deprived of his judicial sentence. He seeks to vindicate, not undermine, that sentence. While Defendants may argue that Courtney did not have a favorable termination of his MSR "revocation," the fact remains that the Defendants' failure to administer Courtney's judicial sentence is the *only thing* that resulted in that

16

revocation. Thus, as in *Traweek*, "[t]he only conduct the factfinder will probe is that performed by jail officials in administering his release after his release date." A judgment for Courtney in this case will not undermine the judgment of the state court that convicted and sentenced him. *Heck*, by its very terms, does not extend to this case. Nothing in *Savory*, including the overruling of the distinguishable *Whitfield* case, extends *Heck* to bar plaintiff's § 1983 claims that seek to vindicate their judicial sentence.

### CONCLUSION

For the foregoing reasons, the judgment of the district court should be reversed, and the case remanded so Courtney's § 1983 claims may proceed.

Respectfully submitted,

James Courtney,

/s/ Benjamin S. McIntosh
                One of his attorneys

Timothy J. Wolf, #6278879
Benjamin S. McIntosh, #6325759
800 Market Street, 11th Floor
St. Louis, MO  63101-2501
314-421-3400
314-421-3128 – FAX
twolf@bjpc.com
bmcintosh@bjpc.com

## PROOF OF SERVICE

I, Benjamin S. McIntosh, certify that I have this day caused to be electronically filed the Brief of Appellant, along with the attached Circuit Rule 30(a) appendix with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I also certify that all the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Benjamin S. McIntosh

### CERTIFICATE OF COMPLIANCE

I, Benjamin S. McIntosh, certify that the Brief of Appellant (including footnotes, the disclosure statements, table of contents, table of citations and certificates of counsel) contains 5,709 words of proportionally-spaced type in compliance with the type-volume limitation of Fed. R. App. P. 32(a)(7) and Circuit Rule 32. The brief is rendered in 12-point Times New Roman font in the body text, and 12-point Times New Roman font in the footnotes.

/s/ Benjamin S. McIntosh

Date: December 13, 2021

**CIRCUIT RULE 30(D) CERTIFICATION**

Pursuant to Circuit Rule 30(d), counsel certifies all material required by Circuit Rule 30(a) and (b) are included in the attached appendix.

/s/ Benjamin S. McIntosh

Date: December 13, 2021

## INDEX TO CIRCUIT RULE 30(a) APPENDIX

Docket Entries in the District Court…………………………………………………………App. 1

Order Denying Motion for Leave to Amend dated 6/23/2020 (Doc. 111)……………...…..App. 17

Memorandum and Order dated 8/16/2021 (Doc. 145)……………………………………..App. 22

Judgment dated 8/16/2021 (Doc. 146)……………………………………………………..App. 31

APPEAL,CASREF,CRA_A,MLP,NOCNST

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:16-cv-01062-NJR

Courtney v. Godinez et al                          Date Filed: 09/21/2016
Assigned to: Chief Judge Nancy J. Rosenstengel     Date Terminated: 08/16/2021
Case in other court:  USCA-7, 17-02194             Jury Demand: Both
                      USCA-7, 17-03310             Nature of Suit: 550 Prisoner: Civil Rights
                      USCA 7, 21-02697             Jurisdiction: Federal Question
Cause: 42:1983 Prisoner Civil Rights

**Plaintiff**

**James Courtney**                    represented by   **Timothy J. Wolf**
1105 N. Maple Street                                   Brown & James, P.C. - St. Louis
Centralia, IL 62801                                    800 Market Street
618-671-5889                                           Suite 1100
                                                       St. Louis, MO 63101-2501
                                                       314-421-3400
                                                       Fax: 314-421-3128
                                                       Email: twolf@bjpc.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Benjamin Stephen McIntosh**
                                                       Brown & James, P.C. - St. Louis
                                                       800 Market Street
                                                       Suite 1100
                                                       St. Louis, MO 63101-2501
                                                       314-242-5386
                                                       Fax: 314-242-5586
                                                       Email: bmcintosh@bjpc.com
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**S. A. Godinez**
*Director IDOC - Termed per Amended*
*Complaint*
*TERMINATED: 01/27/2017*

**Defendant**

**Kim Butler**                        represented by   **Areda Johnson**
*Warden, Menard CC*                                    Illinois Attorney General's Office -
                                                       Belleville, IL
                                                       201 West Pointe Drive
                                                       Suite 7
                                                       Belleville, IL 62226
                                                       618-236-8781

App. 1

Fax: 618-236-8620
Email: Areda.Johnson@ilag.gov
*ATTORNEY TO BE NOTICED*

**Christine G. McClimans**
Attorney General's Office-Springfield, IL
500 S. Second St.
Springfield, IL 62701
618-236-8621
Fax: 618-236-8620
Email: christine.mcclimans@ilag.gov
*TERMINATED: 07/15/2020*

**Kyrstin Beasley**
Illinois Attorney General-Belleville- 4
201 West Pointe Drive, Suite 7
Belleville, IL 62226
618-236-8781
Fax: 618-236-8620
Email: Kyrstin.Beasley@ilag.gov
*ATTORNEY TO BE NOTICED*

**Sandra Cook**
Illinois Attorney General's Office -
Springfield
500 South Second Street
Springfield, IL 62701
217-782-1841
Fax: 217-782-8767
Email: scook@atg.state.il.us
*TERMINATED: 05/17/2019*

**Defendant**

**Assistant Warden Lashbrook**        represented by   **Areda Johnson**
*Menard CC*                                              (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Christine G. McClimans**
                                                          (See above for address)
                                                           *TERMINATED: 07/15/2020*

                                                           **Kyrstin Beasley**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Sandra Cook**
                                                           (See above for address)
                                                           *TERMINATED: 05/17/2019*

**Defendant**

**Richard Harrington**        represented by   **Christine G. McClimans**
*Warden - Termed per Amended Complaint*                               (See above for address)
*TERMINATED: 01/27/2017*                                          *TERMINATED: 07/15/2020*

App. 2

**Defendant**

| | | |
|---|---|---|
| **Tim Christianson** *Chief of Parole* | represented by | **Areda Johnson** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Christine G. McClimans** (See above for address) *TERMINATED: 07/15/2020* |
| | | **Kyrstin Beasley** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Salvador Godinez** *added per Third Amended Complaint* | represented by | **Kyrstin Beasley** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Areda Johnson** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Christine G. McClimans** (See above for address) *TERMINATED: 07/15/2020* |

**Defendant**

| | | |
|---|---|---|
| **Rick Harrington** *added per Third Amended Complaint* | represented by | **Kyrstin Beasley** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Areda Johnson** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Christine G. McClimans** (See above for address) *TERMINATED: 07/15/2020* |

V.

**Respondent**

| | | |
|---|---|---|
| **Menard Correctional Center** | represented by | **Robert Brandon Shultz** Office of the Attorney General - Belleville 201 West Point Drive Suite 7 Belleville, IL 62226 618-236-8781 Fax: 618-236-8620 Email: Robert.Shultz@ilag.gov |

Case: 21-2697     Document: 11     Filed: 12/13/2021     Pages: 56

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

| **Illinois Department of Corrections (IDOC)** | represented by | **Robert Brandon Shultz** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/21/2016 | 1 | COMPLAINT against All Defendants filed by James Courtney.(jaj) (Entered: 09/21/2016) |
| 09/21/2016 | 2 | MOTION for Leave to Proceed in forma pauperis by James Courtney. (jaj) (Entered: 09/21/2016) |
| 09/21/2016 | 3 | Letter from USDC/SDIL to Plaintiff informing him of case number. (Attachments: # 1 Consent to Magistrate Judge) (jaj) (Entered: 09/21/2016) |
| 11/04/2016 | 4 | CONSENT/NON-CONSENT TO U.S. MAGISTRATE JUDGE - sealed pending receipt from all parties. (tjm2) (Entered: 11/04/2016) |
| 01/09/2017 | 5 | IT IS HEREBY ORDERED that the Complaint (Doc. 1) is DISMISSED without prejudice with respect to COUNTS 1 and 3 and with prejudice with respect to COUNT 2, all for failure to state a claim upon which relief may be granted. Plaintiff is GRANTED leave to file a First Amended Complaint on or before February 6, 2017. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. (Amended Pleadings due by 2/6/2017). Signed by Judge Staci M. Yandle on 1/9/2017. (tjk) (Entered: 01/09/2017) |
| 01/09/2017 | 6 | ORDER GRANTING Plaintiff's motion to proceed in forma pauperis (Doc. 2 ) based on the financial information provided with his motion. Signed by Judge Staci M. Yandle on 1/9/2017. (tjk)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/09/2017) |
| 01/19/2017 | 7 | MOTION for Extension of Time to File First Amended Complaint by James Courtney. (tkm) (Entered: 01/19/2017) |
| 01/27/2017 | 8 | FIRST AMENDED COMPLAINT against Kim Butler, Tim Christianson, Assistant Warden Lashbrook, filed by James Courtney.(tkm) (Entered: 01/27/2017) |
| 04/10/2017 | 9 | MOTION for Status and Questions by James Courtney. (tkm) (Entered: 04/10/2017) |
| 05/30/2017 | 10 | IT IS HEREBY ORDERED that the First Amended Complaint (Doc. 8) is DISMISSED without prejudice with respect to COUNTS 1 and 3, and with prejudice with respect to COUNT 2, all for failure to state a claim upon which relief may be granted.Plaintiff is GRANTED leave to file a Second Amended Complaint on or before June 27, 2017. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. To enable Plaintiff to comply with this order, the CLERK is DIRECTED to mail Plaintiff a blank civil rights complaint form. (Amended Pleadings due by 6/27/2017). Signed by Judge Staci M. Yandle on 5/30/2017. (tjk) (Entered: 05/30/2017) |
| 06/09/2017 | 11 | MOTION to Change Venue by James Courtney. (jaj) (Entered: 06/09/2017) |

| 06/09/2017 | 12 | MOTION for Extension of Time to File Second Amended Complaint by James Courtney. (jaj) (Entered: 06/09/2017) |
|---|---|---|
| 06/09/2017 | 13 | NOTICE OF APPEAL as to 10 Order, Set Deadlines by James Courtney. (jaj) (Entered: 06/09/2017) |
| 06/09/2017 | 14 | Transmission of Short Record to US Court of Appeals re 13 Notice of Appeal (lmb) (Entered: 06/09/2017) |
| 06/09/2017 | 15 | Rule 10 Letter. Appeal Record due to be prepared by 6/23/2017. (lmb) (Entered: 06/09/2017) |
| 06/12/2017 | 16 | USCA Case Number 17-2194 for 13 Notice of Appeal filed by James Courtney. (tjm2) (Entered: 06/12/2017) |
| 06/22/2017 | 17 | SECOND AMENDED COMPLAINT against Kim Butler, Tim Christianson, Assistant Warden Lashbrookfiled by James Courtney.(jaj) (Entered: 06/22/2017) |
| 06/23/2017 | | Record on Appeal Prepared re 13 Notice of Appeal (lmb) (Entered: 06/23/2017) |
| 07/05/2017 | 18 | MOTION to Withdraw 13 Notice of Appeal by James Courtney. (mar) (Entered: 07/05/2017) |
| 07/05/2017 | 19 | MOTION to Allow Newly Discovered Evidence by James Courtney. (mar) (Entered: 07/05/2017) |
| 07/06/2017 | 20 | ORDER: Plaintiff filed a Motion to Withdraw Notice of Appeal 18 on July 5, 2017. Because Plaintiff's appeal has already been filed with the United States Court of Appeals for the Seventh Circuit, this Court does not have jurisdiction to decide this Motion 18 . The CLERK is DIRECTED to forward Plaintiff's Motion 18 to the United States Court of Appeals for the Seventh Circuit for adjudication in USCA Case No. 17-2194. To facilitate the Seventh Circuit's consideration of this Motion 18 , the CLERK is also DIRECTED to include a copy of this Order with the Motion. Signed by Judge Staci M. Yandle on 7/6/2017. (tkm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/06/2017) |
| 07/10/2017 | 21 | MANDATE of USCA as to 13 Notice of Appeal filed by James Courtney. Case dismissed pursuant to Federal Rule of Appellate Procedure 42(b). (Attachments: # 1 Final Order) (mar) (Entered: 07/10/2017) |
| 10/30/2017 | 22 | ORDER DISMISSING CASE : IT IS HEREBY ORDERED that the Second Amended Complaint and this action are DISMISSED with prejudice for failure to state a claim upon which relief may be granted. This dismissal shall not count as one of Plaintiff's three allotted strikes within the meaning of 28 U.S.C. § 1915(g). Signed by Judge Staci M. Yandle on 10/30/2017. (tjk) (Entered: 10/30/2017) |
| 10/30/2017 | 23 | CLERK'S JUDGMENT in favor of Assistant Warden Lashbrook, Kim Butler, Tim Christianson against James Courtney. Approved by Judge Staci M. Yandle on 10/30/2017. (tjk) (Entered: 10/30/2017) |
| 11/06/2017 | 24 | NOTICE OF APPEAL as to 22 Order Dismissing Case, 23 Clerk's Judgment by James Courtney. (Attachments: # 1 Copy of Jurisdictional Memorandum to USCA7)(jaj) (Entered: 11/06/2017) |
| 11/07/2017 | 25 | Transmission of Short Record to US Court of Appeals re 24 Notice of Appeal (lmb) (Entered: 11/07/2017) |
| 11/07/2017 | 26 | Rule 10 Letter. Appeal Record due to be prepared by 11/20/2017. (lmb) (Entered: 11/07/2017) |

App. 5

| | | |
|---|---|---|
| 11/08/2017 | 27 | USCA Case Number 17-3310 for 24 Notice of Appeal filed by James Courtney. (Attachments: # 1 Notice of Case Opening)(cjo) (Entered: 11/08/2017) |
| 11/09/2017 | | Record on Appeal Prepared re 24 Notice of Appeal (lmb) (Entered: 11/09/2017) |
| 11/27/2017 | 28 | TRANSCRIPT INFORMATION SHEET by Pro Se Party-James Courtney. (tkm) (Entered: 11/27/2017) |
| 02/01/2018 | 29 | Request from USCA to transmit Record on Appeal re 24 Notice of Appeal (kek) (Entered: 02/01/2018) |
| 02/01/2018 | 30 | Certified and Transmitted Record on Appeal to US Court of Appeals re 24 Notice of Appeal (kek) (Entered: 02/01/2018) |
| 02/01/2018 | 31 | Acknowledgment of receipt of Record on Appeal by USCA 7 re 24 Notice of Appeal (kek) (Entered: 02/01/2018) |
| 05/23/2018 | 32 | ORDER of USCA as to 24 Notice of Appeal filed by James Courtney. IT IS ORDERED that attorney Edward King Poor, QUARLES & BRADY LLP, 300 N. LaSalle Street, Chicago, IL 60654, is appointed to represent plaintiff-appellant James Courtney.(cjo) (Entered: 05/23/2018) |
| 03/07/2019 | 33 | MANDATE of USCA as to 24 Notice of Appeal filed by James Courtney (Attachments: # 1 Certified Order). The district court's judgment is REVERSED and this case is REMANDED to the district court for further proceedings on Courtney's Eighth Amendment and substantive due process claims.(cjo) (Entered: 03/07/2019) |
| 03/12/2019 | 34 | MOTION to Appoint Counsel by James Courtney. (jsm2) (Entered: 03/12/2019) |
| 03/12/2019 | 35 | NOTICE of Change of Address by James Courtney (See Doc. 34). (jsm2) (Entered: 03/12/2019) |
| 03/18/2019 | 36 | ORDER DENYING WITHOUT PREJUDICE Plaintiff's Motion for Appointment of Counsel (Doc. 34). Civil litigants do not have a constitutional or statutory right to counsel. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). However, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, the Court must examine (what are known as) the Pruitt factors and apply them to the specific circumstances of this case. Santiago v. Walls, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Id. at 761 (quoting Pruitt, 503 F.3d at 654). Plaintiff alleges he has contacted outside legal firms and has been unsuccessful in obtaining an attorney to represent him in this matter. However, Plaintiff has not identified or provided documentation showing which or how many law firms he has contacted seeking counsel. Without such information, the Court cannot determine whether Plaintiff's efforts have been reasonable. Plaintiff may refile his motion including the specified information/documentation. Signed by Judge Staci M. Yandle on 3/18/2019. (ksp)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/18/2019) |
| 03/25/2019 | 37 | ORDER REFERRING CASE to Magistrate Judge Reona J. Daly. Signed by Judge Staci M. Yandle on 3/25/2019. (tjk) (Entered: 03/25/2019) |
| 03/26/2019 | 38 | REQUEST FOR WAIVER of Service sent to Christianson on 3/26/2019. Waiver of Service due by 4/25/2019. (tjk) (Entered: 03/26/2019) |
| 03/26/2019 | 39 | REQUEST FOR WAIVER of Service sent to Lashbrook on 3/26/2019. Waiver of Service |

| 03/26/2019 | 40 | REQUEST FOR WAIVER of Service sent to Butler on 3/26/2019. Waiver of Service due by 4/25/2019. (tjk) (Entered: 03/26/2019) |
| 03/26/2019 | 41 | WAIVER OF SERVICE Returned Executed Kim Butler waiver sent on 3/26/2019, answer due 5/28/2019; Assistant Warden Lashbrook waiver sent on 3/26/2019, answer due 5/28/2019. (tjk) (Entered: 03/26/2019) |
| 04/01/2019 | 42 | NOTICE of Appearance by Sandra Cook on behalf of Kim Butler, Assistant Warden Lashbrook (Cook, Sandra) (Entered: 04/01/2019) |
| 04/02/2019 | 43 | SECOND MOTION to Appoint Counsel by James Courtney. (jaj) (Entered: 04/02/2019) |
| 05/01/2019 | 44 | Summons Issued as to Tim Christianson. (tjk) (Entered: 05/01/2019) |
| 05/07/2019 | 45 | Waiver of Service Returned Unexecuted as to Christianson. Received letter from Illinois Department of Corrections- Defendant has retired and they are unable to serve him. (tjk) (Entered: 05/07/2019) |
| 05/07/2019 | 46 | ORDER GRANTING 43 Motion to Appoint Counsel and ASSIGNING Attorney Timothy J. Wolf for James Courtney. Attorney Appearance due by 5/21/2019. Signed by Magistrate Judge Reona J. Daly on 5/7/2019. (nmf) (Entered: 05/07/2019) |
| 05/07/2019 | 47 | Summons Reissued as to Tim Christianson. (tjk) (Entered: 05/07/2019) |
| 05/16/2019 | 48 | NOTICE of Appearance by Timothy J. Wolf on behalf of James Courtney (Wolf, Timothy) (Entered: 05/16/2019) |
| 05/17/2019 | 49 | NOTICE of Appearance by Kyrstin Beasley on behalf of Kim Butler, Assistant Warden Lashbrook (Beasley, Kyrstin) (Entered: 05/17/2019) |
| 05/17/2019 | 50 | MOTION to Substitute Attorney by Kim Butler, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 05/17/2019) |
| 05/17/2019 | 51 | ORDER GRANTING 50 MOTION to Substitute Attorney filed by Kim Butler, Assistant Warden Lashbrook. Attorney Sandra Cook terminated. Signed by Magistrate Judge Reona J. Daly on 5/17/2019. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/17/2019) |
| 05/22/2019 | 52 | ORDER: Status Conference set for **6/13/2019 at 2:00 PM** via telephone before Magistrate Judge Reona J. Daly. The parties should call Judge Daly's conference line at 618-439-7731 to join the call. Lead counsel for the parties must participate. Signed by Magistrate Judge Reona J. Daly on 5/22/2019. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/22/2019) |
| 05/28/2019 | 53 | MOTION for Extension of Time to File Answer re 17 Amended Complaint by Kim Butler, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 05/28/2019) |
| 05/29/2019 | 54 | ORDER GRANTING 53 MOTION for Extension of Time to File Answer re 17 Amended Complaint filed by Kim Butler, Assistant Warden Lashbrook. Defendants Butler and Lashbrook shall file their answers or otherwise respond to Plaintiff's complaint by 6/11/2019. Signed by Magistrate Judge Reona J. Daly on 5/29/2019. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/29/2019) |
| 06/07/2019 | 55 | SUMMONS Returned Executed Tim Christianson served on 6/4/2019, answer due 6/25/2019. (tjk) (Entered: 06/07/2019) |

App. 7

Case 3:13-cv-01367   Document 14   Filed 12/18/2021   Pages 56

| 06/11/2019 | 56 | NOTICE of Appearance by Kyrstin Beasley on behalf of Tim Christianson (Beasley, Kyrstin) (Entered: 06/11/2019) |
|---|---|---|
| 06/11/2019 | 57 | Second MOTION for Extension of Time to File Answer by Kim Butler, Tim Christianson, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 06/11/2019) |
| 06/12/2019 | 58 | NOTICE of Appearance by Benjamin Stephen McIntosh on behalf of James Courtney (McIntosh, Benjamin) (Entered: 06/12/2019) |
| 06/13/2019 | 59 | Minute Entry for proceedings held before Magistrate Judge Reona J. Daly: Status Conference held on 6/13/2019. Attorney Timothy Wolf and Ben McIntosh for Plaintiff and Attorney Kyrstin Beasley for Defendants. Scheduling Order to issue. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/13/2019) |
| 06/13/2019 | 60 | SCHEDULING ORDER: Discovery due by 4/10/2020. Dispositive Motions due by 5/15/2020. Signed by Magistrate Judge Reona J. Daly on 6/13/2019. (nmf) (Entered: 06/13/2019) |
| 06/25/2019 | 61 | ANSWER to 17 Amended Complaint by Kim Butler, Tim Christianson, Assistant Warden Lashbrook.(Beasley, Kyrstin) (Entered: 06/25/2019) |
| 06/26/2019 | 62 | ORDER FINDING AS MOOT 57 Motion for Extension of Time to Answer. Defendants' answer (Doc. 61) shall be considered as timely filed. Signed by Magistrate Judge Reona J. Daly on 6/26/2019. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/26/2019) |
| 06/27/2019 | 63 | MOTION for Leave to File *Third Amended Complaint* by James Courtney. (Attachments: # 1 Exhibit Exhibit 1)(Wolf, Timothy) (Entered: 06/27/2019) |
| 07/03/2019 | 64 | RESPONSE to Motion re 63 MOTION for Leave to File *Third Amended Complaint* filed by Kim Butler, Tim Christianson, Assistant Warden Lashbrook. (Attachments: # 1 Exhibit A)(Beasley, Kyrstin) (Entered: 07/03/2019) |
| 07/09/2019 | 65 | REPLY to Response to Motion re 63 MOTION for Leave to File *Third Amended Complaint* filed by James Courtney. (Wolf, Timothy) (Entered: 07/09/2019) |
| 10/08/2019 | 66 | Joint MOTION for Extension of Time by Kim Butler, Tim Christianson, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 10/08/2019) |
| 10/09/2019 | 67 | ORDER GRANTING 63 MOTION for Leave to File *Third Amended Complaint* filed by James Courtney. Plaintiff is directed to file his Third Amended Complaint in a separate docket entry by October 11, 2019. Signed by Magistrate Judge Reona J. Daly on 10/9/2019. (nmf) (Entered: 10/09/2019) |
| 10/09/2019 | 68 | ORDER GRANTING 66 Joint MOTION for Extension of Time filed by Tim Christianson, Kim Butler, Assistant Warden Lashbrook. Signed by Magistrate Judge Reona J. Daly on 10/9/2019. (nmf) (Entered: 10/09/2019) |
| 10/09/2019 | | Set/Reset Deadlines: Plaintiff is directed to file his Third Amended Complaint in a separate docket entry by October 11, 2019. (Amended Pleadings due by 10/11/2019.) (lmb) (Entered: 10/10/2019) |
| 10/11/2019 | 69 | THIRD AMENDED COMPLAINT against All Defendants, filed by James Courtney. (Wolf, Timothy) Modified docket title on 10/15/2019 (lmb). (Entered: 10/11/2019) |
| 10/15/2019 | 70 | Order for Service of Process upon Salvador Godinez and Rick Harrington. The Clerk of Court shall prepare for Defendants Godinez and Harrington: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). Signed by Magistrate Judge Reona J. Daly on 10/15/2019. (nmf)THIS |

| | | TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/15/2019) |
|---|---|---|
| 10/15/2019 | 71 | REQUEST FOR WAIVER of Service sent to Harrington on 10/15/2019. Waiver of Service due by 11/14/2019. (tjk) (Entered: 10/15/2019) |
| 10/15/2019 | 72 | REQUEST FOR WAIVER of Service sent to Godinez on 10/15/2019. Waiver of Service due by 11/14/2019. (tjk) (Entered: 10/15/2019) |
| 10/15/2019 | 73 | WAIVER OF SERVICE Returned Executed Rick Harrington waiver sent on 10/15/2019, answer due 12/16/2019. (tjk) (Entered: 10/15/2019) |
| 10/16/2019 | 74 | NOTICE of Appearance by Kyrstin Beasley on behalf of Rick Harrington (Beasley, Kyrstin) (Entered: 10/16/2019) |
| 10/24/2019 | 75 | MOTION for Extension of Time by Kim Butler, Tim Christianson, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 10/24/2019) |
| 10/28/2019 | 76 | ORDER GRANTING 75 MOTION for Extension of Time filed by Rick Harrington, Tim Christianson, Kim Butler, Assistant Warden Lashbrook. Defendants' shall file their answers to Plaintiff's Third Amended Complaint by **December 9, 2019**. Signed by Magistrate Judge Reona J. Daly on 10/28/2019. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/28/2019) |
| 10/29/2019 | 78 | WAIVER OF SERVICE Returned Executed Salvador Godinez waiver sent on 10/15/2019, answer due 12/16/2019. (tjk) (Entered: 10/31/2019) |
| 10/30/2019 | 77 | NOTICE of Appearance by Kyrstin Beasley on behalf of Salvador Godinez (Beasley, Kyrstin) (Entered: 10/30/2019) |
| 11/20/2019 | 79 | ORDER: Pursuant to Administrative Order 257, this case has been selected for reassignment to a Magistrate Judge. Within 21 days of this Order, any party not previously having filed a Notice and Consent to Proceed before a Magistrate Judge Jurisdiction form in this case must file the attached form indicating that party's consent to proceed before a Magistrate Judge or an affirmative declination to consent. Consent due by 12/11/2019. Signed by Judge Staci M. Yandle on 11/20/2019. (Attachments: # 1 Administrative Order)(dkd) (Entered: 11/20/2019) |
| 12/09/2019 | 80 | ANSWER to 69 Amended Complaint by Kim Butler, Tim Christianson, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook.(Beasley, Kyrstin) (Entered: 12/09/2019) |
| 12/10/2019 | 81 | CONSENT/NON-CONSENT TO U.S. MAGISTRATE JUDGE - sealed pending receipt from all parties. (Beasley, Kyrstin) Modified/unsealed on 12/12/2019 (lmb). (Entered: 12/10/2019) |
| 12/11/2019 | 82 | ENTRY STRICKEN: NOTICE by James Courtney *Regarding Magistrate Judge Jurisdiction and Consent/Non-Consent Form* (Wolf, Timothy) Modified on 12/11/2019 (lmb). (Entered: 12/11/2019) |
| 12/11/2019 | 83 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 82 Notice (Other) filed by James Courtney. This document should be refiled by selecting the correct event (which will allow filer to seal). Civil>Other Filings>Other Documents>Consent/Non-Consent to US Magistrate Judge. (lmb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/11/2019) |
| 12/11/2019 | 84 | FINAL CONSENT TO TRIAL BY U.S. MAGISTRATE JUDGE. (Wolf, Timothy) |

App. 9

| 12/12/2019 | 85 | ORDER: All parties have consented to have a United States Magistrate Judge conduct all proceedings in this case. Accordingly, this case is REFERRED to United States Magistrate Judge Reona J. Daly. The Magistrate Judge shall conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73. Judge Staci M. Yandle no longer assigned to the case. All future documents must bear case number 16-1062-RJD. Signed by Judge Staci M. Yandle on 12/12/2019. (lmb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/12/2019) |
|---|---|---|
| 12/16/2019 | 86 | ORDER: At the request of the parties, a Status Conference is SET for **12/19/2019 at 9:30 AM** via telephone before Magistrate Judge Reona J. Daly. To join the call, the parties should call the Court's conference line at 618-439-7731. Signed by Magistrate Judge Reona J. Daly on 12/16/2019. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/16/2019) |
| 12/19/2019 | 87 | Minute Entry for proceedings held before Magistrate Judge Reona J. Daly: Status Conference held on 12/19/2019. Attorney Benjamin McIntosh for Plaintiff and Attorney Kyrstin Beasley for Defendants. The parties seek an extension of the current scheduling order, including the April 10, 2020 discovery deadline. The parties explained they are working together on discovery, but additional time will likely be necessary in lieu of the current posture of this case. The Court advised the parties to continue working cooperatively in discovery and, as the April 2020 discovery deadline approaches, they may contact the undersigned and the Court will entertain a request to move the deadlines at a later date. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/19/2019) |
| 02/27/2020 | 88 | NOTICE of Appearance by Areda Johnson on behalf of Kim Butler, Tim Christianson, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook (Johnson, Areda) (Entered: 02/27/2020) |
| 03/04/2020 | 89 | ORDER: At the request of counsel for Plaintiff, a Status Conference is set for **3/10/2020 at 10:30 AM** via telephone before Magistrate Judge Reona J. Daly. The parties should call Judge Daly's conference line at 618-439-7731 to join the call. The parties should be prepared to discuss the schedule in this matter. Signed by Magistrate Judge Reona J. Daly on 3/4/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/04/2020) |
| 03/09/2020 | 90 | MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC* by James Courtney. (Wolf, Timothy) (Entered: 03/09/2020) |
| 03/09/2020 | 91 | MEMORANDUM in Support re 90 MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC* filed by James Courtney. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Wolf, Timothy) (Entered: 03/09/2020) |
| 03/09/2020 | 92 | AFFIDAVIT re 91 Memorandum in Support of Motion, 90 MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC* by James Courtney. (Wolf, Timothy) (Entered: 03/09/2020) |
| 03/10/2020 | 93 | Minute Entry for proceedings held before Magistrate Judge Reona J. Daly: Status Conference held on 3/10/2020. Attorney Benjamin McIntosh for Plaintiff and Attorney Kyrstin Beasley for Defendants. The Scheduling Order is AMENDED as follows: Discovery due by 7/10/2020. Dispositive Motions due by 8/7/2020. No further extensions are likely to be granted absent exceptional circumstances. (nmf)THIS TEXT ENTRY IS |

AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE
MAILED. (Entered: 03/10/2020)

| 03/19/2020 | 94 | MOTION for Protective Order *HIPAA Qualified* by Kim Butler, Tim Christianson, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 03/19/2020) |
|---|---|---|
| 03/19/2020 | 95 | RESPONSE to Motion re 90 MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC* filed by Kim Butler, Tim Christianson, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 03/19/2020) |
| 03/20/2020 | 96 | ORDER GRANTING 94 MOTION for Protective Order *HIPAA Qualified* filed by Rick Harrington, Salvador Godinez, Tim Christianson, Kim Butler, Assistant Warden Lashbrook. Signed by Magistrate Judge Reona J. Daly on 3/20/2020. (nmf) (Entered: 03/20/2020) |
| 03/23/2020 | 97 | MOTION for Leave to File *Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint* by Kim Butler, Tim Christianson, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 03/23/2020) |
| 03/24/2020 | 98 | RESPONSE in Opposition re 97 MOTION for Leave to File *Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint* filed by James Courtney. (Wolf, Timothy) (Entered: 03/24/2020) |
| 03/26/2020 | 99 | NOTICE of Appearance by Christine G. McClimans on behalf of Kim Butler, Tim Christianson, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook (McClimans, Christine) (Entered: 03/26/2020) |
| 03/26/2020 | 100 | NOTICE of Appearance by Robert Brandon Shultz on behalf of Menard Correctional Center, Illinois Department of Corrections (IDOC) (Shultz, Robert) (Entered: 03/26/2020) |
| 04/08/2020 | 101 | ORDER: Based on the representation that Menard CC and IDOC have requested representation and Attorney Brandon Shultz has been assigned to represent them, the Court will allow them to file a response to Plaintiff's motion to compel. Menard CC's and IDOC's response, if any, to 90 MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC* shall be filed by 4/22/2020. Signed by Magistrate Judge Reona J. Daly on 4/8/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/08/2020) |
| 04/21/2020 | 102 | First MOTION for Extension of Time *to Respond to Plaintiff's Motion to Compel* by Illinois Department of Corrections (IDOC), Menard Correctional Center. (Shultz, Robert) (Entered: 04/21/2020) |
| 04/22/2020 | 103 | ORDER GRANTING 102 First MOTION for Extension of Time *to Respond to Plaintiff's Motion to Compel* filed by Illinois Department of Corrections (IDOC), Menard Correctional Center. Menard and IDOC are GRANTED an extension of time, up to and including **May 13, 2020**, to file their response to 90 MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC*. Signed by Magistrate Judge Reona J. Daly on 4/22/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/22/2020) |
| 05/13/2020 | 104 | Second MOTION for Extension of Time *to Respond to Plaintiff's Motion to Compel* by Illinois Department of Corrections (IDOC), Menard Correctional Center. (Shultz, Robert) (Entered: 05/13/2020) |
| 05/14/2020 | 105 | ORDER GRANTING 104 Second MOTION for Extension of Time *to Respond to Plaintiff's Motion to Compel* filed by Illinois Department of Corrections (IDOC), Menard |

Case 21-2697    Document: 11      Filed: 12/13/2021      Pages: 56

| | | |
|---|---|---|
| | | Correctional Center. Menard and IDOC are GRANTED an extension of time, up to and including **May 22, 2020**, to file their response to [90](#) MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC*. Signed by Magistrate Judge Reona J. Daly on 5/14/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/14/2020) |
| 05/22/2020 | [106](#) | Third MOTION for Extension of Time *to respond to Plaintiff's Motion to Compel* by Illinois Department of Corrections (IDOC), Menard Correctional Center. (Shultz, Robert) (Entered: 05/22/2020) |
| 05/26/2020 | 107 | ORDER GRANTING [106](#) Third MOTION for Extension of Time *to respond to Plaintiff's Motion to Compel* filed by Illinois Department of Corrections (IDOC), Menard Correctional Center. Menard and IDOC are GRANTED an extension of time, up to and including **June 5, 2020**, to file their response to [90](#) MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC*. No further extensions are likely to be granted absent extraordinary circumstances. Signed by Magistrate Judge Reona J. Daly on 5/26/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/26/2020) |
| 06/05/2020 | [108](#) | RESPONSE to Motion re [90](#) MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC* filed by Illinois Department of Corrections (IDOC), Menard Correctional Center. (Shultz, Robert) (Entered: 06/05/2020) |
| 06/08/2020 | 109 | ORDER re [90](#) MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC* filed by James Courtney: Menard Correctional Center and IDOC represent that they have produced all relevant emails in response to Plaintiff's subpoenas. Plaintiff shall notify the Court by **6/18/2020** whether his motion to compel is effectively moot, or whether issues concerning the subpoenas remain. Signed by Magistrate Judge Reona J. Daly on 6/8/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/08/2020) |
| 06/18/2020 | [110](#) | RESPONSE *Plaintiff's Memorandum to the Court regarding the Status of IDOC and Mendard's Responses to Plaintiff's Rule 45 Subpoenas* filed by James Courtney. (Wolf, Timothy) (Entered: 06/18/2020) |
| 06/23/2020 | [111](#) | ORDER DENYING [97](#) Motion for Leave to File. Signed by Magistrate Judge Reona J. Daly on 6/23/2020. (nmf) (Entered: 06/23/2020) |
| 07/07/2020 | 112 | ORDER re [110](#) Response filed by James Courtney: Counsel for Plaintiff has advised the Court that disputes remain concerning Menard and IDOC's production of documents in response to the Rule 45 subpoena. Accordingly, a Discovery Dispute Conference is SET for **7/14/2020 at 1:00 PM** via telephone before Magistrate Judge Reona J. Daly. Counsel for Plaintiff, Defendants, and Menard and IDOC should be present. The parties should call Judge Daly's conference line at 618-439-7731 to join the call. Signed by Magistrate Judge Reona J. Daly on 7/7/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/07/2020) |
| 07/08/2020 | 113 | ORDER: Due to a conflict with counsel's schedule, the Discovery Dispute Conference set for 7/14/2020 is CANCELED and is RESET for **7/13/2020 at 9:30 AM** via telephone before Magistrate Judge Reona J. Daly. The parties should call Judge Daly's conference line at 618-439-7731 to join the call. Signed by Magistrate Judge Reona J. Daly on 7/8/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/08/2020) |
| 07/13/2020 | 114 | Minute Entry for proceedings held before Magistrate Judge Reona J. Daly: Discovery Dispute Conference held on 7/13/2020. Attorney Benjamin McIntosh for Plaintiff, |

App. 12

Case: 21-2607   Document: 1   Filed: 12/13/2021   Page: 58

Attorney Kyrstin Beasley for Defendants and Attorney Brandon Shultz for respondents Menard and IDOC. Menard and IDOC shall review the files of the 14 inmates identified in response to subpoena request No. 22 and produce the relevant documents to counsel for Plaintiff by 7/27/2020. Counsel for Menard and IDOC shall provide a written response explaining the search that was conducted for Plaintiff's letter directed to Governor Quinn by 7/27/2020. In light of this Order, and the parties' previous efforts to resolve their disputes related to the Menard and IDOC subpoenas, the Court FINDS AS MOOT 90 MOTION to Compel *Compliance with Rule 45 Subpoenas to Menard and IDOC* filed by James Courtney. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/13/2020)

| 07/13/2020 | 115 | MOTION to Withdraw as Attorney by Kim Butler, Tim Christianson, Salvador Godinez, Richard Harrington, Assistant Warden Lashbrook. (McClimans, Christine) (Entered: 07/13/2020) |
| 07/15/2020 | 116 | ORDER GRANTING 115 MOTION to Withdraw as Attorney filed by Salvador Godinez, Tim Christianson, Kim Butler, Assistant Warden Lashbrook, Richard Harrington. Attorney Christine G. McClimans terminated. Signed by Magistrate Judge Reona J. Daly on 7/15/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/15/2020) |
| 07/27/2020 | 117 | NOTICE OF STATEMENT OF COMPLIANCE by Illinois Department of Corrections (IDOC), Menard Correctional Center (Shultz, Robert) (Entered: 07/27/2020) |
| 08/21/2020 | 118 | Joint MOTION to Amend/Correct *the Scheduling Order* by Kim Butler, Tim Christianson, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 08/21/2020) |
| 08/21/2020 | 119 | ORDER GRANTING 118 Joint MOTION to Amend/Correct *the Scheduling Order* filed by Rick Harrington, Salvador Godinez, Tim Christianson, Kim Butler, Assistant Warden Lashbrook. The Scheduling Order is AMENDED as follows: Discovery due by 10/8/2020. Dispositive Motions due by 11/5/2020. Requests for further extensions are not likely to be granted absent extraordinary circumstances. Signed by Magistrate Judge Reona J. Daly on 8/21/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/21/2020) |
| 10/01/2020 | 120 | Expert Witness Designation *of Non-Retained Experts* by James Courtney. (Wolf, Timothy) (Entered: 10/01/2020) |
| 10/02/2020 | 121 | MOTION to Continue *Discovery Due to Continued Non-Compliance by IDOC/Menard Correctional Center and for Costs* by James Courtney. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Wolf, Timothy) (Entered: 10/02/2020) |
| 10/16/2020 | 122 | RESPONSE to Motion re 121 MOTION to Continue *Discovery Due to Continued Non-Compliance by IDOC/Menard Correctional Center and for Costs* filed by Illinois Department of Corrections (IDOC), Menard Correctional Center. (Shultz, Robert) (Entered: 10/16/2020) |
| 11/05/2020 | 123 | MOTION for Extension of Time *to file Defendants' Dispositive Motion* by Kim Butler, Tim Christianson, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 11/05/2020) |
| 11/17/2020 | 124 | ORDER GRANTING IN PART AND DENYING IN PART 121 MOTION to Continue *Discovery Due to Continued Non-Compliance by IDOC/Menard Correctional Center and for Costs* filed by James Courtney; GRANTING 123 MOTION for Extension of Time *to* |

**App. 13**

Case: 21-2697      Document: 11      Filed: 12/13/2021      Pages: 56

| | | |
|---|---|---|
| | | *file Defendants' Dispositive Motion* filed by Rick Harrington, Salvador Godinez, Tim Christianson, Kim Butler, Assistant Warden Lashbrook. Plaintiff shall complete a Rule 30(b)(6) IDOC deposition by 12/18/2020. Dispositive Motions due by 1/18/2021. Signed by Magistrate Judge Reona J. Daly on 11/17/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/17/2020) |
| 12/03/2020 | 125 | ORDER: Discovery Dispute Conference set for **12/7/2020 at 9:00 AM** via telephone before Magistrate Judge Reona J. Daly. To join the conference call, the parties should call 888-273-3658. The access code is 1770924. The security code is 0921. The purpose of the call is to discuss the dispute concerning Defendants' responses to Plaintiff's second interrogatories. Signed by Magistrate Judge Reona J. Daly on 12/3/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/03/2020) |
| 12/07/2020 | 126 | Minute Entry for proceedings held before Magistrate Judge Reona J. Daly: Discovery Dispute Conference held on 12/7/2020. Attorney Benjamin McIntosh for Plaintiff and Attorney Kyrstin Beasley for Defendants. Arguments concerning Defendants' responses to Plaintiff's second interrogatories were heard. Order to issue. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/07/2020) |
| 12/07/2020 | 127 | ORDER re 126 Discovery Dispute Conference: Defendant Butler, Godinez, Harrington, and Lashbrook's objection to Plaintiff's second set of interrogatories on the basis of timeliness is OVERRULED. Defendants shall supplement their answers by January 6, 2021. Signed by Magistrate Judge Reona J. Daly on 12/7/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/07/2020) |
| 01/15/2021 | 128 | STIPULATION of Dismissal *Joint Stipulation of Dismissal Without Prejudice for Defendant Tim Christianson ONLY* by James Courtney. (Wolf, Timothy) (Entered: 01/15/2021) |
| 01/19/2021 | 129 | MOTION for Reconsideration re 111 Order on Motion for Leave to File by Kim Butler, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 01/19/2021) |
| 01/19/2021 | 130 | MOTION for Leave to File Excess Pages by Kim Butler, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 01/19/2021) |
| 01/19/2021 | 131 | MOTION for Summary Judgment by Kim Butler, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. Responses due by 2/22/2021 (Beasley, Kyrstin) (Entered: 01/19/2021) |
| 01/19/2021 | 132 | MEMORANDUM in Support re 131 MOTION for Summary Judgment filed by Kim Butler, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U)(Beasley, Kyrstin) (Entered: 01/19/2021) |
| 01/20/2021 | 133 | ORDER GRANTING 130 MOTION for Leave to File Excess Pages filed by Rick Harrington, Salvador Godinez, Kim Butler, Assistant Warden Lashbrook. The Court will consider the excess pages filed in support of Defendants' motion for summary judgment at Doc. 132. Signed by Magistrate Judge Reona J. Daly on 1/20/2021. (nmf)THIS TEXT |

**App. 14**

| | | ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/20/2021) |
|---|---|---|
| 01/25/2021 | 134 | RESPONSE in Opposition re 129 MOTION for Reconsideration re 111 Order on Motion for Leave to File *Plaintiff's Response in Opposition to Defendants' Motion for Reconsideration of Courts Order Denying Motion for Leave* filed by James Courtney. (Wolf, Timothy) (Entered: 01/25/2021) |
| 02/16/2021 | 135 | MOTION for Extension of Time to File Response/Reply as to 131 MOTION for Summary Judgment *Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment* by James Courtney. (McIntosh, Benjamin) (Entered: 02/16/2021) |
| 02/16/2021 | 136 | ORDER GRANTING 135 MOTION for Extension of Time. Plaintiff shall file his response to 131 MOTION for Summary Judgment by **3/4/2021**. Signed by Magistrate Judge Reona J. Daly on 2/16/2021. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/16/2021) |
| 03/04/2021 | 137 | MOTION for Leave to File *Additional Pages* by James Courtney. (Wolf, Timothy) (Entered: 03/04/2021) |
| 03/04/2021 | 138 | RESPONSE in Opposition re 131 MOTION for Summary Judgment *Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgement* filed by James Courtney. (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 6, # 4 Exhibit 8, # 5 Exhibit 9A, # 6 Exhibit 12, # 7 Exhibit 24, # 8 Exhibit 25, # 9 Exhibit 28, # 10 Exhibit 30, # 11 Exhibit 31, # 12 Exhibit 33, # 13 Exhibit 35, # 14 Exhibit 37, # 15 Exhibit 38, # 16 Exhibit 41, # 17 Exhibit 42, # 18 Exhibit 45, # 19 Exhibit 46, # 20 Exhibit 47, # 21 Exhibit 48, # 22 Exhibit 49, # 23 Exhibit 50, # 24 Exhibit 51, # 25 Exhibit 52, # 26 Exhibit 53)(Wolf, Timothy) (Entered: 03/04/2021) |
| 03/08/2021 | 139 | ORDER GRANTING 137 MOTION for Leave to File *Additional Pages* filed by James Courtney. The Court will consider the excess pages filed in support of Plaintiff's response to Defendants' motion for summary judgment at Doc. 138. Signed by Magistrate Judge Reona J. Daly on 3/8/2021. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/08/2021) |
| 03/18/2021 | 140 | MOTION for Leave to File Excess Pages by Kim Butler, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 03/18/2021) |
| 03/18/2021 | 141 | STRICKEN PER ORDER 142 : REPLY to Response to Motion re 131 MOTION for Summary Judgment filed by Kim Butler, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) Modified on 3/24/2021 (lmb). (Entered: 03/18/2021) |
| 03/23/2021 | 142 | ORDER DENYING 140 MOTION for Leave to File Excess Pages filed by Rick Harrington, Salvador Godinez, Kim Butler, Assistant Warden Lashbrook. Pursuant to Local Rule 7.1(d), reply briefs shall not exceed 5 pages and requests for additional pages are not allowed. Accordingly, 141 Reply to Response to Motion filed by Rick Harrington, Salvador Godinez, Kim Butler, Assistant Warden Lashbrook is STRICKEN as it is over the required reply brief length. Defendants are GRANTED LEAVE to file a reply brief within the parameters set forth in the Court's local rules by **3/30/2021**. Signed by Magistrate Judge Reona J. Daly on 3/23/2021. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/23/2021) |
| 03/30/2021 | 143 | REPLY to Response to Motion re 131 MOTION for Summary Judgment filed by Kim Butler, Salvador Godinez, Rick Harrington, Assistant Warden Lashbrook. (Beasley, Kyrstin) (Entered: 03/30/2021) |

Case: 21-2697     Document: 11     Filed: 12/13/2021     Pages: 56

| 05/17/2021 | 144 | Pursuant to Administrative Order No. 293, this case is transferred from Judge Reona J. Daly and reassigned to Chief Judge Nancy J. Rosenstengel. Unless the newly assigned judge directs otherwise, all deadlines and hearing dates shall remain in effect. All future pleadings shall bear the case number 16-1062-NJR. (trb) (Entered: 05/17/2021) |
|---|---|---|
| 08/16/2021 | 145 | ORDER: The Court grants Defendants' 129 Motion for Reconsideration and finds that the claims advanced by Plaintiff James Courtney are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, Plaintiff's claims are DISMISSED without prejudice. Defendants' 131 Motion for Summary Judgment is DENIED as moot. The Court DIRECTS the Clerk of Court to close this case and enter judgment accordingly. Signed by Chief Judge Nancy J. Rosenstengel on 8/16/2021. (mlp) (Entered: 08/16/2021) |
| 08/16/2021 | 146 | CLERK'S JUDGMENT. Approved by Chief Judge Nancy J. Rosenstengel on 8/16/2021. (mlp) (Entered: 08/16/2021) |
| 09/15/2021 | 147 | NOTICE OF APPEAL by James Courtney. Filing fee $ 505, receipt number AILSDC-4583635. (Wolf, Timothy) (Entered: 09/15/2021) |
| 09/15/2021 | 148 | DOCKETING STATEMENT by James Courtney re 147 Notice of Appeal (Wolf, Timothy) (Entered: 09/15/2021) |
| 09/15/2021 | 149 | MOTION for Leave to Appeal *in Forma Pauperis* by James Courtney. (Attachments: # 1 Exhibit A)(Wolf, Timothy) (Entered: 09/15/2021) |
| 09/16/2021 | 150 | ORDER GRANTING 149 Motion for Leave to Appeal *In Forma Pauperis*. Plaintiff James Courtney was permitted to proceed IFP in this Court on the underlying action (Doc. 6 ); therefore, he may continue on appeal IFP without further authorization, so long as his appeal is in good faith and his financial status has not changed. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3). The Court has no reason to doubt that Courtney's appeal is taken in good faith. Furthermore, Courtney submitted an affidavit showing that his financial status has not changed and that he remains indigent. Accordingly, the Motion for Leave to Appeal *In Forma Pauperis* is GRANTED. Signed by Chief Judge Nancy J. Rosenstengel on 9/16/2021. (mlp) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/16/2021) |
| 09/16/2021 | 151 | Transmission of Short Record to US Court of Appeals re 147 Notice of Appeal (lmb) (Entered: 09/16/2021) |
| 09/16/2021 | 152 | Rule 10 Letter (lmb) (Entered: 09/16/2021) |
| 09/16/2021 | 153 | USCA Case Number 21-2697 for 147 Notice of Appeal filed by James Courtney. (Attachments: # 1 Notice of Case Opening)(tba) (Entered: 09/16/2021) |
| 09/24/2021 | 154 | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (McIntosh, Benjamin) (Entered: 09/24/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/13/2021 08:08:26 | | | |
| **PACER Login:** | benmcintosh1989 | **Client Code:** | 00000-00000 |
| **Description:** | Docket Report | **Search Criteria:** | 3:16-cv-01062-NJR |
| **Billable Pages:** | 15 | **Cost:** | 1.50 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES COURTNEY,                    )
                                   )
         Plaintiff,                )
                                   )
v.                                 )        Case No.   16-cv-1062-RJD
                                   )
KIM BUTLER,                        )
                                   )
         Defendants.               )

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion for Leave to File an Amended Answer and Affirmative Defense to Plaintiff's Third Amended Complaint (Doc. 97).  For the reasons set forth below, the Motion is **DENIED**.

### Background

Plaintiff James Courtney filed his Complaint in this action on September 21, 2016 pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").  Plaintiff's Complaint was dismissed on January 9, 2017 after threshold review, and Plaintiff was granted leave to file a First Amended Complaint (Doc. 5).  Plaintiff filed his First Amended Complaint on January 27, 2017 (Doc. 8).  On May 30, 2017, after a threshold review, Counts 1 and 2 were dismissed without prejudice, and Count 3 was dismissed with prejudice (Doc. 10).  Again, Plaintiff was granted leave to file an amended complaint.  Plaintiff filed a Second Amended Complaint on June 22, 2017 (Doc. 17).  The Second Amended Complaint was dismissed with prejudice on October 30, 2017 after the Court's threshold review (Doc. 22).  Plaintiff appealed the dismissal to the Seventh Circuit, which

App. 17

remanded the case for proceedings on Plaintiff's Eighth Amendment and substantive due process

claims against Defendants Butler, Lashbrook, and Christianson (Doc. 33).

Plaintiff was subsequently assigned counsel, who filed a Third Amended Complaint on his

behalf (Doc. 69).   In his Third Amended Complaint, Plaintiff alleges violations under the 14th,

8th, and 5th Amendments due to Defendants' alleged failure to take sufficient action to allow

Plaintiff to be released on his mandatory supervised release date.

Defendants filed their answer to Plaintiff's Third Amended Complaint on December 9,

2019 (Doc. 80).   In the motion now before the Court, Defendants seek leave to amend their

answer and add the following affirmative defense pursuant to *Heck v. Humphrey*:

> Because Plaintiff has received no favorable determination on his
> criminal conviction or attendant period of supervised release,
> Plaintiff's claims challenging his sentence and the conditions of his
> sentence resulting from his underlying criminal case are barred by
> the doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 486-87
> (1994), *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

In support of their motion, Defendants assert that subsequent to filing their answer, the

Seventh Circuit decided *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).   Defendants remark that

*Savory* abrogates and/or overrules many decisions regarding the application of *Heck v. Humphrey*,

including *Whitfield v. Howard*, 852 F.3d 656 (7th Cir. 2017).   Defendants contend they did not

assert *Heck* as an affirmative defense based in part on the decision in *Whitfield*.   Confusingly,

Defendants also indicate they "intended to assert a statute of limitations affirmative defense on the

basis that Plaintiff's claims accrued upon notice of the violation at the door, pending any

App. 18

applicable tolling provisions.[1]"

Plaintiff asserts Defendants' motion should be denied on the basis of futility because *Heck* is not applicable to the facts of this case as his claims do not challenge the constitutionality of his underlying criminal conviction.   Plaintiff explains his claims are not inconsistent with his underlying criminal conviction as he is alleging Defendants acted inconsistently with his criminal judgment by detaining him past his scheduled release date in contravention of his judicial sentence.

## **<u>Legal Standard</u>**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires."   However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility."   *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).   Futility is generally measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or, at a later stage in the proceedings, a motion for summary judgment.   *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

Defendants contend the Seventh Circuit's holding in *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020), and its effect of overruling *Whitfield v. Howard*, 852 F.3d 656 (7th Cir. 2017), necessitates that *Heck* be added as an affirmative defense in this action.   In considering Defendants' argument, the Court first considers the holding in *Savory*.   The Seventh Circuit in *Savory* considered when the plaintiff's § 1983 claim had accrued following his release from

---

[1] Defendants' statements concerning their intention of bringing a statute of limitations defense is perplexing because (1) Defendants have already pled a statute of limitations defense; and (2) Defendants do not include an additional proposed affirmative defense related to any statute of limitations issue.  Rather, the only proposed amendment is an affirmative defense based solely on *Heck*, and its bar of actions that would undermine a criminal conviction or attendant period of supervised release.

prison, commutation of the remainder of his parole, and subsequent pardon of his conviction.   947

F.3d at 412.   The Seventh Circuit found that the plaintiff's claim accrued only "when the governor

of Illinois pardoned him" on January 12, 2015, not when he was released from prison in 2011.   *Id.*

at 417-18.   In reaching this conclusion, the Seventh Circuit overruled its decision in *Whitfield*,

finding it was incorrect to allow Whitfield to pursue a § 1983 claim challenging prison disciplinary

proceedings that led to loss of good time credits (and his postponed release) without first obtaining

a favorable termination of those proceedings.   *Id.* at 425-26.   Based on the foregoing, it appears

Defendants' motion rests not on the precise holding in *Savory*, which is not applicable to the

motion at hand, but on the fact that *Whitfield* has now been overruled.

Contrary to Defendants' motion, the mere fact that *Whitfield* has been overruled does not

provide for a *Heck* defense in this case as the facts here are easily distinguishable.   In *Whitfield*,

the plaintiff filed a suit under § 1983 alleging his constitutional rights were violated by his

improperly postponed release.   During his incarceration, Whitfield received retaliatory

disciplinary tickets that resulted in findings of guilt and was punished with a total of 16 months in

revoked good conduct credit.   Whitfield's argument, therefore, was that the loss of his good

conduct credit postponed what would have been his earlier release.   Thus, in *Savory*, the Court

determined that *Heck's* favorable termination requirement applied and Whitfield was obligated to

obtain a favorable termination of the disciplinary proceedings at issue to pursue a claim under §

1983.

Here, Plaintiff contends his release from prison was unconstitutionally postponed, but not

for the same reasons as those set forth in *Whitfield*.   Indeed, Plaintiff here makes no claim that

undercuts his conviction or his imprisonment.   Rather, Plaintiff claims he was imprisoned beyond

his mandatory supervised release date despite his compliance with all conditions that would

necessitate his release to parole under Illinois law. A finding in this case that Plaintiff was imprisoned despite complying with all requirements of parole would not undercut his conviction. Moreover, a finding that this action would be barred by *Heck* is inapposite insofar as it is not at all clear what conviction Plaintiff would need to receive a "favorable termination" on before bringing this suit.

### Conclusion

For the reasons set forth above, Defendants' Motion for Leave to File an Amended Answer and Affirmative Defense to Plaintiff's Third Amended Complaint (Doc. 97) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 23, 2020**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

Page **5** of **5**

App. 21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES COURTNEY,**

      **Plaintiff,**

**v.**                                **Case No. 3:16-CV-1062-NJR**

**KIMBERLY BUTLER,**
**JACQUELINE LASHBROOK,**
**SALVADOR GODINEZ, and**
**RICK HARRINGTON,**

      **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Reconsideration of the Court's Order Denying Motion for Leave (Doc. 129) and a Motion for Summary Judgment (Doc. 131) filed by Defendants Kimberly Butler, Jacqueline Lashbrook, Salvador Godinez, and Rick Harrington. Plaintiff James Courtney filed timely responses in opposition to both motions, and Defendants filed a reply in support of summary judgment. (Docs. 134, 138, 143). For the reasons set forth below, the Court grants Defendants' Motion for Reconsideration and finds that the claims advanced by Courtney are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, they are dismissed without prejudice.

### PROCEDURAL AND FACTUAL BACKGROUND

The events at issue in this case began nearly a decade ago. In May 2012, Courtney was sentenced to three years in prison and one year of mandatory supervised release (MSR) by the Circuit Court of Marion County, Illinois, after violating his parole for failing to register as a sex offender. (Docs. 132-1; 132-2). The Marion County sentence was to run concurrently

App. 22

with a sentence handed down the same month in Hamilton County, Illinois. (*Id.*; Doc. 132-4).

On May 18, 2012, Courtney entered the Illinois Department of Corrections at Menard Correctional Center. (Doc. 132-1). His projected "out date" was October 5, 2013. (Doc. 132-5). But on October 4, 2013, the Prisoner Review Board determined Courtney had not provided a suitable host site where he could be monitored electronically per the terms of his MSR. (Doc. 132-6 at p. 2). A warrant was issued for his arrest for violating the terms of his MSR, and instead of being released to a host site for his term of MSR, Courtney signed an "Electronic Detention Program Agreement," which stated he would be residing at "Menard C.C." (*Id.* at pp. 5-6).

On November 7, 2013, Courtney signed a Parole Violation Report, waiving his preliminary hearing in favor of a full revocation hearing before the Prisoner Review Board. (Doc. 132-6). The hearing was scheduled for November 14, 2013. (*Id.*) On that day, the Prisoner Review Board entered an order revoking Courtney's MSR for violating his terms. (Doc. 132-12). The order further stated that his release would be "effective upon the approval of a viable host site as determined by IDOC." (*Id.*).

Upon realizing he would not be leaving Menard, Courtney wrote myriad grievances and kites to Defendants claiming he was being held hostage and had a good parole site that was not investigated. The parties largely dispute the details of these documents, including whether Defendants received them, addressed them, or ignored them. Courtney was released from Menard on October 3, 2014. (Doc. 138-11).

On September 21, 2016, Courtney filed his initial Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). After the Court[1] performed a

---

[1] At that time, the case was assigned to District Judge Staci M. Yandle.

App. 23

threshold review pursuant to 28 U.S.C. § 1915, the Complaint was dismissed without prejudice. (Doc. 5). Courtney filed a First Amended Complaint, then a Second Amended Complaint, both which also were dismissed for failure to state a claim. (Docs. 8, 10, 17, 21). Courtney appealed the dismissal of his Second Amended Complaint, and on February 13, 2019, the Seventh Circuit Court of Appeals reversed the district court's judgment and remanded the matter for further proceedings on Courtney's Eighth Amendment and substantive due process claims. (Doc. 33-1).

With the assistance of recruited counsel, on October 11, 2019, Courtney filed his Third Amended Complaint alleging violations of his right to procedural and substantive due process under the Fifth and Fourteenth amendments, as well as cruel and unusual punishment under the Eighth Amendment. (Doc. 69). Among other things, Courtney claimed he was "wrongfully detained beyond his scheduled MSR release date," that his incarceration was "wrongfully prolonged," and there was "no legal basis for his continued incarceration." (*Id.*).

On December 9, 2019, Defendants answered the Complaint and asserted Qualified Immunity, Absolute Immunity, Sovereign Immunity, and the Statute of Limitations as affirmative defenses. (Doc. 80). On March 23, 2020, Defendants moved for leave to amend their answer to assert an affirmative defense that Courtney's claims were barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 97). Under *Heck*, an individual seeking damages under 42 U.S.C. § 1983 for an unconstitutional conviction or sentence must have that conviction or sentence reversed on appeal or otherwise declared invalid before his Section 1983 claim can proceed. *Heck*, 512 U.S. at 486-87. Defendants explained that on January 7, 2020, the Seventh Circuit issued its decision in *Savory v. Cannon*,

App. 24

947 F.3d 409 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 251 (2020), which abrogated and/or overruled a line of Seventh Circuit cases regarding the accrual of Section 1983 claims in light of *Heck*. In particular, Defendants stated that they had relied on the now-abrogated case of *Whitfield v. Howard*, 852 F.3d 656 (7th Cir. 2017), in not asserting the *Heck* bar as an affirmative defense. Courtney opposed the amendment, arguing that *Heck* did not apply because he was not challenging the constitutionality of his underlying criminal conviction. (Doc. 98). Thus, because the amendment would be futile, Defendants' motion for leave to amend should be denied. (*Id.*). The Magistrate Judge assigned to the case at the time agreed with Courtney and denied the motion for leave to amend. (Doc. 111).

On January 19, 2021, Defendants asked the Court to reconsider its refusal to allow them to amend their answer and affirmative defenses. (Doc. 129). That same day, they moved for summary judgment on the merits of Courtney's claims. (Doc. 131). After the motions were fully briefed, the case was transferred to the undersigned. (Doc. 144).

DISCUSSION

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* Therefore, "when a state prisoner seeks damages in a § 1983 suit, the district court must

App. 25

consider whether a judgment in [his] favor . . . would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "The *Heck* bar accounts for the preclusive effect of state court criminal judgments on civil litigation by lifting the bar only when the plaintiff has achieved a favorable termination of the criminal proceeding." *Savory*, 947 F.3d at 419.

Prior to the Seventh Circuit's opinion in *Savory*, the Court of Appeals had held that in all cases where habeas relief is unavailable, Section 1983 must provide an avenue of relief. *See DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000) ("Because federal habeas relief is not available to Mr. DeWalt, the language of § 1983 and the Court's decision in *Preiser*[2] dictate that he be able to proceed on his § 1983 action."). Thus, at the time Defendants filed their answer to the Third Amended Complaint in December 2019, Courtney, who had been released from prison and thus was foreclosed from habeas relief, could bring his claims in a Section 1983 action.

In *Savory*, however, the Seventh Circuit recognized its mistake:

> *Heck* controls the outcome where a section 1983 claim implies the invalidity of the conviction or the sentence, regardless of the availability of habeas relief. Claims that relate only to conditions of confinement and that do not implicate the validity of the conviction or sentence are not subject to the *Heck* bar. We disavow the language in any case that suggests that release from custody and the unavailability of habeas relief means that section 1983 must be available as a remedy.

*Id.* at 430-31.

*Savory* abrogated *DeWalt* and several other cases, and it overruled *Whitfield v. Howard*, 852 F.3d 656 (7th Cir. 2017), where the court found a former prisoner could pursue a Section

---

[2] *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

1983 claim challenging prison disciplinary proceedings that led to loss of good time credits without first obtaining a favorable termination of those proceedings. *Id.* at 425. *Savory* recognized that the "good faith but unsuccessful pursuit of collateral relief does not relieve [a prisoner] of *Heck*'s favorable termination requirement." *Id.* at 426.

On remand, the district court in *Whitfield* noted that the Seventh Circuit in *Savory* "established a bright line rule: A 42 U.S.C. § 1983 claim which implies the invalidity of a conviction or sentence cannot proceed until *Heck*'s favorable termination requirement is satisfied, regardless of the availability of collateral relief or the diligence in pursuing that relief." *Whitfield v. Althoff*, No. 13-CV-3192, 2020 WL 4275256, at *2 (C.D. Ill. July 24, 2020).

In this case, Defendants filed their answer to the Third Amended Complaint on December 9, 2019, less than one month before *Savory* was decided. Because habeas relief was unavailable to Courtney, who was no longer incarcerated when he filed his lawsuit, it was reasonable for Defendants not to assert *Heck* as an affirmative defense in their answer. But they should have been permitted to amend their affirmative defenses after *Savory* was handed down, and the denial of their motion for leave to amend constitutes a manifest error of law. Accordingly, Defendants' motion for reconsideration is granted.

The question now is whether *Heck* applies to bar Courtney from bringing his claims in this case. Courtney argues it does not, as he is not challenging his underlying conviction or sentence. Rather, he states, he is "challenging the administration of his release after serving his full sentence." (Doc. 134 at p. 3). Courtney cited to one district court case from Louisiana in arguing Defendants should not be permitted to amend their answer to add a *Heck* defense and, while he distinguished Defendants' case law in their motion for reconsideration, he offered no controlling case law in support of his position. He then incorporated these

App. 27

arguments on summary judgment and offered nothing new for the Court to consider.

The problem with Courtney's argument is that MSR was *part* of his sentence, not separate from it. This is so well established that Courtney's suggestion to the contrary is disingenuous. *See United States v. Haymond*, 139 S. Ct. 2369, 2379 (2019) ("The defendant receives a term of supervised release thanks to his initial offense, and whether that release is later revoked or sustained, it constitutes a part of the final sentence for his crime."); *United States v. Leiva*, 821 F.3d 808, 821 (7th Cir. 2016) ("Supervised release is part of the overall sentence."); *Lee v. Findley*, 835 N.E.2d 985, 988 (Ill. App. 4th Dist. 2005) (parole/mandatory supervised release is a continuation of custody and part of the sentence); *Stepney v. Johnson*, No. 14 C 3548, 2016 WL 5720367, at *5 (N.D. Ill. Oct. 3, 2016) (a sentence is discharged only when the inmates completes his MSR term; the inmate remains in the *legal* custody of the IDOC while on MSR, regardless of whether they are in the IDOC's *physical* custody).

Because MSR was part of Courtney's sentence, the question becomes: would a judgment in his favor necessarily imply the invalidity of it? The Court finds that it would. Courtney seeks money damages for Defendants' deliberate indifference to his "wrongful captivity." He also claims they violated his due process rights, leading to his wrongful detainment beyond his scheduled MSR date. A judgment in favor of Courtney would mean the revocation of his supervised release was invalid and he, indeed, was wrongfully detained. Thus, his claims are barred by *Heck*.

At least one district court case in this Circuit prior to *Savory* demonstrates its application here. In *Pickens v. Moore*, the plaintiff filed a Section 1983 suit alleging his due process rights under the Fourteenth Amendment were violated when a parole officer filed a false report with the Prisoner Review Board, which caused him to be wrongfully incarcerated

App. 28

for an extra nine months. *Pickens v. Moore*, 806 F. Supp. 2d 1070, 1072 (N.D. Ill. 2011). The

defendant asserted that *Heck* barred the plaintiff's claim. *Id.* In analyzing the application of

*Heck*, the court first noted that "the fact that Pickens challenges his revocation of parole rather

than his underlying conviction or sentence does not bring him out from under *Heck*. *Id.* at

1074 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Knowlin v. Thompson*, 207 F.3d 907,

909 (7th Cir. 2000)). Moreover, the nature of the plaintiff's claim placed it squarely within the

type of claims blocked by *Heck* because he was challenging the fact and duration of his

confinement resulting from the revocation of his parole. *Id.* Yet, because the plaintiff was a

former inmate for whom habeas relief was now unavailable, *Heck*'s favorable termination

requirement did not bar plaintiff's Section 1983 claims. *Id.* at 1075. Of course, the Seventh

Circuit case on which the district court relied in coming to this conclusion, *DeWalt*, was

abrogated by *Savory*.

A review of the cases cited by Courtney in support of the merits of his case further

reveals why *Heck* was not an issue in those cases as it is here. In *Figgs*, the Prisoner Review

Board vacated its MSR violation order and Figgs's release date was recalculated correctly.

*Figgs v. Dawson*, 829 F.3d 895, 901 (7th Cir. 2016). Only then did Figgs file suit. *Id.* In *Burke*,

the plaintiff's sentence was administratively modified by DOC personnel to reflect credit for

8 months and 8 days of jail time. *Burke v. Johnston*, 452 F.3d 665, 666 (7th Cir. 2006). Only then

did Burke file suit. *Id.* In both of those cases, *Heck*'s favorable termination requirement was

satisfied before the plaintiff sought relief under Section 1983.

True, as stated in *Savory*, the favorable termination requirement likely means "some

valid claims will never make it past the courthouse door." *Savory*, 947 F.3d at 428. That may

be the case for Courtney. But in setting this high bar, the Supreme Court "sought to avoid

App. 29

parallel litigation on the issue of guilt, preclude the possibility of conflicting resolutions arising out of the same transaction, prevent collateral attacks on criminal convictions through the vehicle of civil suits, and respect concerns for comity, finality and consistency." *Id.* (citing *Heck*, 512 U.S. at 485–86). Because *Heck* bars Courtney's claims, the Court **DISMISSES all claims without prejudice**.

The Court **GRANTS** the Motion for Reconsideration (Doc. 129) and **DENIES as moot** Defendants' Motion for Summary Judgment (Doc. 131). The Court **DIRECTS** the Clerk of Court to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:    August 16, 2021**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

App. 30

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES COURTNEY,

          Plaintiff,

v.                              Case No. 3:16-CV-1062-NJR

KIMBERLY BUTLER,
JACQUELINE LASHBROOK,
SALVADOR GODINEZ,
RICHARD HARRINGTON, and
TIM CHRISTIANSON,

          Defendants.

## <u>JUDGMENT IN A CIVIL ACTION</u>

**DECISION BY THE COURT.**

      This matter having come before the Court, and the Court having rendered a decision,

      **IT IS ORDERED AND ADJUDGED** that, pursuant to the Joint Stipulation of Dismissal filed by the parties on January 15, 2021 (Doc. 128), Defendant Tim Christianson was **DISMISSED without prejudice**.

      **IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to the Court's Order of August 16, 2021 (Doc. 145), this entire action is **DISMISSED without prejudice**.

      **DATED:   August 16, 2021**

                        **MARGARET M. ROBERTIE,**
                        **Clerk of Court**

                        **By:   s/ *Deana Brinkley***
                              **Deputy Clerk**

**APPROVED:** _____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

App. 31