No. 21-2697

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| JAMES COURTNEY, | ) | Appeal from the United States District Court for the Southern District of Illinois |
| Plaintiff-Appellant, | ) | |
| v. | ) | |
| | ) | No. 3:16-cv-01062-NJR |
| KIMBERLEY BUTLER; JAQUELINE LASHBROOK; SALVADOR GODINEZ; RICK HARRINGTON; and TIM CHRISTIANSON, | ) | |
| | ) | The Honorable NANCY J. ROSENSTENGEL, |
| Defendants-Appellees. | ) | Judge Presiding. |

## BRIEF OF DEFENDANTS-APPELLEES

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3312

**CHRISTOPHER M. R. TURNER**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2106 (office)
(773) 590-7121 (cell)
CivilAppeals@ilag.gov (primary)
Christopher.Turner@ilag.gov (secondary)

Attorneys for Defendants-Appellees
Kimberley Butler, Jaqueline Lashbrook,
Salvador Godinez, and Rick Harrington

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ................................................................ 1

ISSUE PRESENTED FOR REVIEW ........................................................... 5

STATEMENT OF THE CASE ..................................................................... 6

Factual background................................................................................... 6

Procedural background............................................................................. 8

The district court's final order and judgment.......................................... 13

SUMMARY OF ARGUMENT .................................................................. 15

ARGUMENT ............................................................................................ 16

I.      This court reviews the district court's determination that *Heck* bars
        Courtney's claims *de novo.* ......................................................... 16

II.     The district court properly held that Courtney's claims are barred
        under *Heck*.................................................................................. 17

        A.      The *Heck* rule applies to Courtney's claims because a judgment in his
                favor would necessarily imply that the revocation of his MSR was
                invalid........................................................................................ 18

        B.      Courtney fails to show that the district court erred in
                concluding that *Heck* barred his claims. ................................. 22

                1.      Courtney presents no argument that *Heck* does not apply to
                        claims that imply the invalidity of parole revocation and,
                        regardless, the authority is clear. ................................... 22

                2.      Courtney misconstrues the significance of *Savory*....................... 23

                3.      Courtney's characterization of his claims as alleging that
                        Defendants failed to administer his sentence and release does not
                        take his claims outside of *Heck*..................................... 25

CONCLUSION ................................................................................................................ 30

CERTIFICATE OF COMPLIANCE

CERTIFICIATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alston v. City of Madison*,
   853 F.3d 901 (7th Cir. 2017)...................................................................... 18

*Antonelli v. Foster*,
   104 F.3d 899 (7th Cir. 1997)....................................................12, 18, 20, 22, 23, 26

*Armato v. Grounds*,
   766 F.3d 713 (7th Cir. 2014)...................................................................... 21

*Blackmon v. Hamblin*,
   436 F. App'x 632 (7th Cir. 2011)................................................................ 23

*Brown v. Hackbarth*,
   445 F. App'x 865 (7th Cir. 2011)..........................................................20, 23, 27

*Burd v. Sessler*,
   702 F.3d 429 (7th Cir. 2012)...................................................................... 24

*Butterfield v. Bail*,
   120 F.3d 1023 (9th Cir. 1997).................................................................. 19, 29

*Chavez v. Ill. State Police*,
   251 F.3d 612 (7th Cir. 2001)........................................................................ 3

*Colvin v. LeBlanc*,
   2 F.4th 494 (5th Cir. 2021) ....................................................................... 26

*Courtney v. Butler*,
   756 F. App'x 626 (7th Cir. 2019) ("*Courtney I*")....................................2, 8, 9, 21

*Crow v. Penry*,
   102 F.3d 1086 (10th Cir. 1996).................................................................. 27

*Easterling v. Siarnicki*,
   435 F. App'x 524 (7th Cir. 2011)................................................................ 23

*Edwards v. Balisok*,
   520 U.S. 641 (1997) ............................................................................. 17, 28

*Effex Capital, LLC v. Nat'l Futures Ass'n*,
   933 F.3d 882 (7th Cir. 2019) ................................................................. 4

*Fednav Int'l Ltd. v. Cont'l Ins. Co.*,
   624 F.3d 834 (7th Cir. 2010) ................................................................ 27

*Frederick v. LeBlanc*,
   2020 WL 2121109 (M.D. La. 2020), *appeal docketed*, No. 21-30660 (5th Cir.
   Oct. 26, 2021) ................................................................................... 25-26

*Graham v. Waters*,
   805 F. App'x 572 (10th Cir. 2020) ....................................................... 20

*Hadley v. Quinn*,
   524 F. App'x 290 (7th Cir. 2016) ............................................... 20, 23, 26

*Heck v. Humphrey*,
   512 U.S. 477 (1994) ..................................................................... *passim*

*Hill v. Potter*,
   352 F.3d 1142 (7th Cir. 2003) ................................................................ 4

*Huber v. Anderson*,
   909 F.3d 201 (7th Cir. 2018) ......................................................... 19, 27

*Jackson v. Rockford Housing Auth.*,
   213 F.3d 389 (7th Cir. 2000) ............................................................... 16

*Knowlin v. Thompson*,
   207 F.3d 907 (7th Cir. 2000) ..................... 12, 14, 18, 20, 21, 22, 23, 27

*Lee v. Findley*,
   835 N.E. 2d 985 (Ill. App. 2005) .......................................................... 19

*Littles v. Board of Pardons and Paroles Div.*,
   68 F.3d 122 (5th Cir. 1995) ........................................................... 19, 26

*Lusz v. Scott*,
   126 F.3d 1018 (7th Cir. 1997) .............................................................. 28

*McGrew v. Texas Bd. of Pardons & Paroles*,
   47 F.3d 158 (5th Cir. 1995) ........................................................... 20, 26

iv

*Muhammad v. Close,*
　　540 U.S. 749 (2004) ........................................................................17-18

*Ortiz Villagran v. County of El Paso, Texas,*
　　2020 WL 4012579 (W.D. Tex. July 2, 2020) ....................................... 26

*Pickens v. Moore,*
　　806 F. Supp. 2d 1070 (N.D. Ill. 2011) ................................................ 14

*Reynolds v. Henderson & Lyman,*
　　903 F.3d 693 (7th Cir. 2018) .............................................................. 16

*Savory v. Cannon,*
　　947 F.3d 409 (7th Cir. 2020) (en banc) ...............................10-11, 23, 24

*Simpson v. Nickel,*
　　450 F.3d 303 (7th Cir. 2006) .............................................................. 24

*Sports Ctr., Inc. v. Brunswick Marine,*
　　63 F.3d 649 (7th Cir. 1995) ................................................................ 16

*Tolliver v. City of Chicago,*
　　820 F.3d 237 (7th Cir. 2016) .............................................................. 16

*Traweek v. Gusman,*
　　414 F. Supp. 3d 847 (E.D. La. 2019), *appeal docketed*, No. 21-30096 (5th Cir.
　　Feb. 19, 2021) .................................................................................... 25

*United State v. Leiva,*
　　821 F.3d 808 (7th Cir. 2016) .............................................................. 19

*United States v. Wenzel,*
　　854 F.3d 957 (7th Cir. 2017) .................................................4, 16, 22, 27

*Wells v. Caudill,*
　　967 F.3d 598 (7th Cir. 2020) .............................................................. 12

*White v. Gittens,*
　　121 F.3d 803 (1st Cir. 1997) .............................................................. 20

*Whitfield v. Howard,*
　　852 F.3d 656 (7th Cir. 2017) ....................................................10, 11, 24

*Wilkinson v. Dotson,*
    544 U.S. 74 (2005) ................................................................. 17

*Williams v. Consovoy,*
    453 F.3d 173 (3d Cir. 2006) ................................................. 20

*Williams v. Wisconsin,*
    336 F.3d 576 (7th Cir. 2003) ........................................ 18, 19

*Wirtz v. City of South Bend,*
    669 F.3d 860 (7th Cir. 2012) ............................................... 25

**Statutes**

28 U.S.C. § 636(c) ................................................................... 2, 3

28 U.S.C. § 1291 ......................................................................... 4

28 U.S.C. § 1331 ...................................................................... 1, 2

28 U.S.C. § 1915A ...................................................................... 1

28 U.S.C. § 2107 ......................................................................... 4

42 U.S.C. § 1983 ................................................................ *passim*

720 ILCS 5/11-9.3(b-5), (b-10) ................................................ 7

730 ILCS 5/3-3-7(a)(7.6), (b-1)(1), (6), (12) ......................... 7

735 ILCS 150/6 ........................................................................... 6

20 Ill. Admin. Code 1610.110(a)(1) ......................................... 7

**Rules**

Fed. R. App. P. 4(a)(1)(A) ........................................................ 4

Fed. R. Civ. P. 58 ..................................................................... 3, 4

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant James Courtney's jurisdictional statement is not complete and correct. Defendants-Appellees Kimberley Butler, Jaqueline Lashbrook, Salvador Godinez, and Rick Harrington ("Defendants") submit this statement under 7th Cir. R. 28(b).

Courtney, a sex offender and former inmate of the Illinois Department of Corrections, filed a *pro se* complaint in the district court under 42 U.S.C. § 1983 against Defendants for allegedly violating his constitutional rights by failing to release him from prison on his expected mandatory supervised release ("MSR" or "parole") date. (Doc. 1).[1] In screening the complaint under 28 U.S.C. § 1915A, the district court divided Courtney's claims into three counts that alleged violations of the Eighth Amendment, as well as the due process and equal protection clauses of the Fourteenth Amendment. (Doc. 5 at 1-4). Because Courtney raised federal questions, the district court had subject matter jurisdiction over this action under 28 U.S.C. § 1331.

The district court dismissed Courtney's due process claim with prejudice, and dismissed his Eighth Amendment and equal protection claims without prejudice with leave to replead. (*Id*. at 4-14). Courtney filed two successive amended complaints, from which he dropped Godinez and Harrington as defendants, and added Tim Christianson. (Docs. 8, 17). Still on screening review, the district court dismissed

---

[1] This brief cites the record on appeal, which is the district court's docket, as "Doc. __ at __," and Courtney's opening brief on appeal as "AT Br. at __."

Courtney's second amended complaint with prejudice for failure to state a claim
(Docs. 22, 23), and Courtney filed a notice of appeal (Doc. 24). This court reversed
the district court on February 13, 2019, holding that Courtney had stated a claim
that Butler, Lashbrook, and Christianson violated his Eighth Amendment rights or
possibly his substantive due process rights under the Fourteenth Amendment, by
holding him beyond his release date, and remanded the case for further proceedings
on those claims. *Courtney v. Butler*, 756 F. App'x 626, 627 (7th Cir. 2019) ("*Courtney
I*").

On remand, consistent with this court's order, the district court held that
Courtney had stated claims against Butler, Lashbrook and Christianson under the
Eighth and/or Fourteenth Amendments. (Doc. 37 at 2-4). The court subsequently
granted Courtney's motion to recruit counsel. (Docs. 46, 48, 58). Courtney then filed
his operative, third amended complaint against Defendants and Christianson,
alleging that they had violated his Eighth Amendment and substantive due process
rights, and adding a claim that they violated his Fourteenth Amendment procedural
due process rights. (Doc. 69). Because the operative complaint raised federal
questions, the district court also had subject matter jurisdiction over this action
under 28 U.S.C. § 1331.

Defendants, on December 10, 2019, and Courtney, on December 11, 2019,
consented to having a magistrate judge conduct all proceedings in this action and
order the entry of a final judgment under 28 U.S.C. § 636(c). (Docs. 81, 84). On

December 12, 2019, the district court referred this matter under 28 U.S.C. § 636(c)(1) for disposition and entry of a final judgment by a magistrate judge. (Doc. 85).

On June 23, 2020, the magistrate judge denied Defendants' motion to amend their answer to add the defense that Courtney's claims were barred under the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 111 at 2-5). On January 15, 2021, Courtney filed a joint stipulation by the parties dismissing Christianson without prejudice. (Doc. 128). Both because the dismissal was without prejudice and because Courtney had at least one remaining claim, the dismissal was not a final or appealable judgment. *See Chavez v. Ill. State Police*, 251 F.3d 612, 628 (7th Cir. 2001)

Defendants filed a motion to reconsider the denial of their prior motion to amend their answer to assert the *Heck* defense and moved for summary judgment (Docs. 129, 131, 132). Pursuant to administrative order 293 (related to the Covid-19 pandemic), the case was reassigned to the chief judge of the district court on May 17, 2021. (Doc. 144). On August 16, 2021, the district court granted Defendants' motion for reconsideration, held that Courtney's claims were barred under *Heck*, and dismissed Courtney's claims without prejudice, thereby disposing of all claims against all parties. (Doc. 145 at 8-9). That same day, a separate final judgment order was entered on the district court docket pursuant to Fed. R. Civ. P. 58 that dismissed the entire action without prejudice. (Doc. 146). The district court's judgment was final for purposes of this court's appellate jurisdiction despite the fact that the dismissal was without prejudice, because the district court demonstrated that it had "finished

with the case[s]" by "enter[ing] judgment separately" under Fed. R. Civ. P. 58. *Effex Capital, LLC v. Nat'l Futures Ass'n*, 933 F.3d 882, 885 n.3 (7th Cir. 2019); *see Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003) ("[t]he test for finality is not whether the suit is dismissed with prejudice or without prejudice" but "whether the district court has finished with the case").

No motion to alter or amend the judgment was filed. Courtney filed a notice of appeal on September 15, 2021 (Doc. 147), which was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A) because that was within 30 days of the judgment's entry.[2] This court has jurisdiction over Courtney's appeal from a final judgment under 28 U.S.C. § 1291.

---

[2] Both because Courtney agreed to the dismissal of Christianson without prejudice (Doc. 128), and because Courtney does not challenge Christianson's dismissal on appeal, *see* AT Br. at 1-16, thereby forfeiting any argument with respect to Christianson's dismissal, *see United States v. Wenzel*, 854 F.3d 957, 961 (7th Cir. 2017), the Defendants-Appellees in this appeal are limited to Butler, Lashbrook, Godinez, and Harrington.

**ISSUE PRESENTED FOR REVIEW**

Whether the district court properly held that Courtney's claims against

Defendants were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a

judgment in Courtney's favor would necessarily imply the invalidity of the revocation

of his MSR and resulting confinement.

## STATEMENT OF THE CASE

### Factual background

Courtney filed this section 1983 action against Defendants challenging his detention for almost one year during his MSR term for violating the conditions of his MSR. (Doc. 1 at 7; Doc. 5 at 2-3; Doc. 10 at 2-3). Courtney is a child sex offender and former inmate of the Department. (Doc. 8 at 11; Doc. 17 at 9; Doc. 132-3 at 18-19, 25-26; *see* https://isp.illinois.gov/Sor/Details/X02A1752 (Ill. State Police sex offender site, last visited June 9, 2022)). In May 2012, Courtney was sentenced, and entered the Department's custody at Menard Correctional Center, for two separate convictions for failing to register as a sex offender. (Doc. 132-2 at 1-2; Doc. 132-3 at 22; Doc. 138-11); *see* 730 ILCS 150/6. For each conviction, Courtney was sentenced to three years of incarceration, with two years of MSR for one conviction and one year of MSR for the other, and with each sentence to run concurrently. (Doc. 132-2 at 1-2).

Defendants are current and former officials and employees of the Department. Godinez was the Department's director until December 2014. (Doc. 138-24 at 2). Harringon was Menard's warden from January 2013 until April 2014, when he retired. (Doc. 132-18 at 3). Butler was Menard's assistant warden of programs, and then Menard's warden, from April 2014 until 2016. (Doc. 138-21 at 3). Lashbrook

6

was a Major at Menard from March 2013 until February 2014, when she became Menard's assistant warden of programs.  (Doc. 132-16 at 3).

Courtney's mandatory "out date" to be released to MSR was April 5, 2015, and his adjusted projected "out date" (with good-time credit) was October 5, 2013.  (Doc. 132-5).  Because Courtney is a child sex offender, Illinois statutes impose significant limitations on where he may reside, including authorizing the Prisoner Review Board to impose housing and electronic monitoring conditions for MSR.  (*See* Doc. 69 at 7-8; 720 ILCS 5/11-9.3(b-5), (b-10); 730 ILCS 5/3-3-7(a)(7.6), (b-1)(1), (6), (12).  In addition, the Illinois Administrative Code prohibits the Department from releasing an inmate to MSR until it has "satisfied itself that suitable arrangements have been made for . . . [the inmate's] proper and approved residence."  20 Ill. Admin. Code § 1610.110(a)(1).

On October 4, 2013, the Prisoner Review Board determined that Courtney's MSR term would include "special orders of close supervision and electronic detention," and that on that date Courtney "could not provide suitable housing where he could be monitored."  (Doc. 132-6 at 2).  Based on that determination, a warrant was issued for Courtney's arrest for violating the conditions of his MSR.  (*Id*. at 6).

On November 7, 2013, Courtney signed a Parole Violation Report, waiving his preliminary hearing in favor of a full revocation hearing before the Prisoner Review Board.  (*Id*. at 2-4).  That Report recommended that Courtney remain in Department custody until he could acquire appropriate housing.  (*Id*. at 3).  The hearing was

scheduled for November 14, 2013 (*id*. at 1), when the Prisoner Review Board issued an order revoking Courtney's MSR for violating his MSR conditions, and stating that Courtney's release would be "effective upon the approval of a viable host site as determined by [the Department]," (Doc. 132-12).

Courtney alleged that he had previously identified other host sites that met all statutory requirements for sex offenders (Doc. 69 at 9), and that after his MSR was revoked, he submitted multiple grievances and "kites" to Defendants and others at the Department claiming that he had provided proper host sites that were not investigated (*id*. at 10-14). He was released from the Department's custody on October 3, 2014, when his entire sentence (including the MSR term) had expired. (Doc. 132-1; Doc. 138-11; Doc. 138-12 at 7).

**Procedural background**

Courtney filed his initial complaint in September 2016, alleging that Defendants had violated his constitutional rights by incarcerating him beyond his MSR release date. (Doc. 1; Doc. 5 at 2-3). On successive threshold screenings, the district court dismissed his original and first amended complaints with leave to replead some claims, and then dismissed with prejudice his second amended complaint for failure to state a claim. (Docs. 5, 8, 10, 17, 22, 23).

After Courtney appealed the dismissal of his action (Doc. 24), this court recruited counsel to represent him on appeal, *Courtney I*, 756 F. App'x at 627. Although the Attorney General did not yet represent any party, at this court's invitation, he filed a responsive brief as a party-in-interest to assist the court. *See id*.

The Attorney General contended that Courtney's second amended complaint "stated a claim" that Butler, Lashbrook, and Christianson violated his Eighth Amendment rights by alleging "that they knew he was being unlawfully held past his release date and did nothing in response." *Id.* This court agreed, but noted that this circuit had not decided whether such claims by detained plaintiffs are cognizable under the Eighth Amendment or Fourteenth Amendment substantive due process. *Id.* Consequently, it reversed the judgment and remanded for further proceedings on Courtney's Eighth Amendment and substantive due process claims. *Id.*

On remand, the district court also recruited Courtney counsel. (Docs. 46, 48, 58). On October 11, 2019, Courtney filed his operative, third amended complaint against Defendants. (Doc. 69). Courtney alleged that Defendants unconstitutionally prolonged his incarceration (*id.* at 2, 8), claiming that they ignored his communications identifying two adequate host sites and failed to sufficiently investigate those sites or take any action in response to his communications (*id.* at 9-15). Consistent with this court's remand order, Courtney asserted a count alleging a substantive due process violation and a count alleging an Eighth Amendment violation. (*Id.* at 16-20). In support, he claimed that Defendants took insufficient action to ensure that he was released on MSR to a host site and "wrongfully charg[ed] him with violating the housing condition of his release." (*Id.* at 16, 18). Courtney further asserted that the Prisoner Review Board and the Department had a policy of refusing to release him to MSR despite not having evidence that he would reside at a host site that violated his MSR conditions. (*Id.*). Courtney also asserted a

9

third count claiming that Defendants violated his procedural due process rights by failing to process or approve his host sites, ignoring his communications about his host sites, and failing to take action to protect his constitutional rights. (*Id*. at 20-23).

Courtney alleged that Defendants' violations of his constitutional rights caused him to "spen[d] an additional year in prison without any legal justification," and suffer "significant damages" "for his loss of liberty, physical and emotional harm, lost wages and economic opportunity, and the loss of enjoyment of a normal life." (*Id*. at 3, 15-16). Based on these claims, Courtney sought compensatory, actual, and punitive damages. (*Id*. at 17-18, 20, 24).

On December 9, 2019, Defendants answered the third amended complaint and asserted their affirmative defenses. (Doc. 80). With the parties' consent (Docs. 81, 84), the district court then reassigned the matter to a magistrate judge (Doc. 85).

On March 23, 2020, Defendants moved for leave to amend their answer to assert an affirmative defense that Courtney's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 97). Defendants explained that they had not asserted the *Heck* defense earlier because it was not available under prior circuit authority, including *Whitfield v. Howard*, 852 F.3d 656 (7th Cir. 2017). (*Id*. at 3). But since Defendants filed their answer, this court had decided *Savory v. Cannon*,

947 F.3d 409 (7th Cir. 2020) (en banc), which overruled *Whitfield* and other circuit authority that had similarly restricted the *Heck* defense. (Doc. 97 at 3-4).

In response, rather than dispute the change in the law, Courtney argued that adding the *Heck* defense would be futile because he was not challenging the constitutionality of his underlying criminal conviction. (Doc. 98 at 2-5). He asserted that the defense did not apply because his claims contended that Defendants failed to carry out his judicial sentence. (*Id*. at 4-5).

The magistrate judge denied Defendants' motion, finding that Courtney's claims were distinguishable from the claims at issue in *Whitfield* and agreeing with Courtney that adding the *Heck* defense would be futile because it would not apply to his claims. (Doc. 111 at 3-5).

Defendants later simultaneously moved for reconsideration of the magistrate judge's order denying their motion to amend and for summary judgment on Courtney's claims on multiple grounds, including under *Heck*. (Docs. 129, 131, 132). In those filings, Defendants argued that *Savory* had overruled prior authority holding that *Heck*'s favorable termination requirement did not apply when the plaintiff had been released from the Department's custody. (Doc. 129 at 4-5). Defendants also noted that this court had recently recognized that *Savory* held that the *Heck* bar applies to section 1983 claims brought after the plaintiff was released from custody, such as a former inmate's claim challenging the calculation of his release date. (*Id*.

11

at 5-6 (citing *Wells v. Caudill*, 967 F.3d 598, 602 (7th Cir. 2020)).

Defendants further argued that the *Heck* bar extends to all substantive determinations regarding the length of a plaintiff's confinement where the plaintiff was serving a sentence. (Doc. 129 at 4). In support, Defendants cited this court's decisions holding that *Heck* barred section 1983 claims challenging the revocation of a plaintiff's parole because those claims necessary implied the invalidity of the plaintiff's continued confinement. (*Id.* (citing *Knowlin v. Thompson*, 207 F.3d 907 (7th Cir. 2000), and *Antonelli v. Foster*, 104 F.3d 899 (7th Cir. 1997)). Here, Courtney challenged the determination that he violated his MSR terms and his continued incarceration. (Doc. 129 at 6). Consequently, Defendants explained, this court's precedent precluded him from pursuing claims under section 1983 until a federal habeas court, state court, or other state tribunal or executive official set aside the decision to revoke his MSR. (*Id.*). Defendants concluded that, because Courtney had not obtained a ruling that the revocation of his MSR or continued confinement were improper, his section 1983 claims should be dismissed under *Heck*. (Doc. 132 at 27-29).

Courtney responded that Defendants' cited cases were distinguishable and that his claims sought to vindicate, rather than challenge, his judicial sentence. (Doc. 134 at 1-4). As to the recent *Wells* decision, Courtney argued that Defendants relied

12

on *dicta* that addressed claims challenging the miscalculation of a former inmate's release date, whereas he claimed that Defendants ignored his release date. (*Id*. at 5).

After the parties briefed Defendants' motions, the case was reassigned to the chief judge of the district court under a general administrative order issued to address case management during the Covid-19 pandemic. (Doc. 144).

**The district court's final order and judgment**

The district court held that Courtney's claims were barred under *Heck*, granted Defendants' motion for reconsideration, and dismissed Courtney's action without prejudice. (Doc. 145). The district court first explained that this court's recent opinion in *Savory* had overruled prior precedent so as to permit Defendants to assert the *Heck* defense. (*Id*. at 4-6). Under *Heck*, the district court reasoned, a plaintiff cannot recover damages in a section 1983 action for an allegedly unconstitutional conviction or imprisonment that would render his conviction or sentence invalid, unless the conviction or sentence was reversed on appeal or otherwise resulted in a favorable termination. (*Id*. at 4-5). Prior to *Savory*, the *Heck* bar did not apply to a plaintiff's claim if federal habeas corpus relief was unavailable, such as here, where Courtney had been released from Department custody. (*Id*. at 5). In *Savory*, this court overruled prior precedent and held that the *Heck* bar applies even if habeas relief is no longer available. (*Id*. at 5-6). Because *Savory* was not issued until after Defendants filed their answer, the district court determined that

13

the magistrate judge erred by denying their motion to amend their affirmative defenses to include the defense. (*Id.* at 6).

The district court then addressed whether *Heck* applied to bar Courtney's claims. (*See id.* at 6-9). The court rejected Courtney's contention that his claims only challenged the administration of his release after serving his sentence. (*Id.* at 6-7). Instead, the court found, a judgment in Courtney's favor would necessarily imply the invalidity of the revocation his MSR and subsequent detention. (*Id.* at 6-7). The court reasoned that such challenges to the revocation of parole fall under *Heck* because they challenge the fact and duration of the plaintiff's subsequent confinement during their sentence. (*Id.* at 7-8 (citing *Knowlin*, 207 F.3d at 909, and *Pickens v. Moore*, 806 F. Supp. 2d 1070, 1072-74 (N.D. Ill. 2011)). It further explained that Courtney's cited authority involved section 1983 actions where the former inmate, unlike Courtney, had satisfied *Heck*'s favorable termination requirement prior to filing suit. (Doc. 145 at 8). Consequently, the district court held that *Heck* barred Courtney's claims, dismissed his claims without prejudice, and denied Defendants' summary judgment motion as otherwise moot. (*Id.* at 9).

Courtney appealed. (Doc. 147).

## SUMMARY OF ARGUMENT

This court should uphold the district court's holding that *Heck* bars Courtney's claims, because those claims are subject to *Heck's* favorable termination requirement and Courtney has not demonstrated that the Prison Review Board's revocation of his MSR has been invalidated. This court has long held that the *Heck* rule applies to claims that necessarily imply the invalidity of a decision to revoke the plaintiff's parole or MSR. Here, Courtney alleged that the warrant and resulting Prisoner Review Board order revoking his MSR for violating his housing conditions were invalid because they were based on false information that he had no adequate host site. Courtney's claims thus necessarily imply the invalidity of the MSR revocation decision.

On appeal, Courtney neither addresses the district court's holding that the *Heck* rule applies to claims challenging the revocation of MSR, nor argues that his claims, if successful, would not necessarily imply the invalidity of the decision to revoke his MSR. Instead, he relies on district court decisions that not only are nonprecedential but also are distinguishable because they did not address claims challenging the revocation of parole, and he otherwise characterizes his claims as alleging that Defendants failed to administer his sentence. But, again, it is settled that *Heck's* favorable termination requirement applies to claims, like Courtney's, which contend that prison officials violated the plaintiff's constitutional rights by engaging in misconduct that resulted in the denial or revocation of their parole.

15

## ARGUMENT

### I.    This court reviews the district court's determination that *Heck* bars Courtney's claims *de novo*.

Defendants agree that the dismissal of an action under *Heck* is reviewed *de novo*. *Tolliver v. City of Chicago*, 820 F.3d 237, 241 (7th Cir. 2016).  Although the district court framed its decision as granting Defendants' motion for reconsideration, its decision to dismiss Courtney's claims under *Heck* effectively granted Defendants' motion for summary judgment based on *Heck*.  (*See* Doc. 145 at 9; Doc. 132 at 27-29). This court reviews an order granting summary judgment *de novo*, construing all facts in favor of the nonmoving party.  *Reynolds v. Henderson & Lyman*, 903 F.3d 693, 695 (7th Cir. 2018).  A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

To the extent that Courtney might have otherwise challenged the district court's decision granting Defendants' motion to reconsider the magistrate judge's decision denying them leave to amend their answer to add the *Heck* defense, that decision would be reviewed for abuse of discretion.  *See Jackson v. Rockford Housing Auth.*, 213 F.3d 389, 392 (7th Cir. 2000); *Sports Ctr., Inc. v. Brunswick Marine*, 63 F.3d 649, 652 (7th Cir. 1995).  Courtney, however, does not challenge the district court's decision on any such basis in his opening brief, *see* AT Br. at 2, 12-17, and so forfeited such arguments on appeal, *see Wenzel*, 854 F.3d at 961 (argument not developed in opening appellate brief is forfeited).

## II.     The district court properly held that Courtney's claims are barred under *Heck*.

Under *Heck*, a plaintiff is barred from bringing claims under section 1983 if a favorable judgment would "necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. The Supreme Court reasoned that "habeas corpus is the exclusive remedy for a state prisoner who challenges the factor or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id*. at 481.

Since *Heck*, the Supreme Court has clarified that *Heck*'s favorable termination requirement is not limited to section 1983 claims that necessarily imply the invalidity of the plaintiff's original conviction and sentence, but extends to all "substantive determinations as to the length of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005). For example, the Court extended *Heck* to bar section 1983 claims that necessarily imply the invalidity of prison disciplinary actions that revoked an inmate's good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997). And the Court explained that the *Heck* rule applies to section 1983 actions "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82 (emphasis in original); *see Muhammad v.*

*Close*, 540 U.S. 749, 751 (2004) (*Heck*'s "favorable termination" rule applies "where success in a prisoner's damages action would implicitly question the validity of conviction or duration of sentence").

Courtney's claims are subject to *Heck*'s favorable termination requirement because a judgment in his favor would necessarily imply that the Prisoner Review Board's revocation of his MSR, and his ongoing confinement during his MSR term, was invalid. But he has not satisfied the favorable termination requirement by demonstrating that the decision revoking his MSR was invalidated. Thus, the district court correctly concluded that Courtney's section 1983 claims are barred under *Heck*.

A.  **The *Heck* rule applies to Courtney's claims because a judgment in his favor would necessarily imply that the revocation of his MSR was invalid.**

Courtney primarily challenges the district court's judgment by arguing that his claims seek to enforce rather than challenge his sentence, and so would not imply the invalidity of that sentence. AT Br. at 12-13, 16. This court, however, has long recognized that *Heck*'s favorable termination requirement applies to section 1983 claims, like Courtney's, that would necessarily imply the invalidity of a decision to revoke the plaintiff's parole or MSR. *See Knowlin*, 207 F.3d at 908-09; *Antonelli*, 104 F.3d at 901; *see also Alston v. City of Madison*, 853 F.3d 901, 910 (7th Cir. 2017) (*Heck* applies to section 1983 claims challenging revocation of probation); *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (*Heck* applies to section 1983 claims challenging the conditions of parole).

Like section 1983 claims challenging prison disciplinary decisions revoking good-time credit, claims that necessarily imply the invalidity of MSR revocations implicate *Heck* by challenging the fact and duration of the plaintiff's confinement under his sentence.   Parole and MSR are part of an inmate's sentence.  *See Lee v. Findley*, 835 N.E. 2d 985, 988 (Ill. App. 2005) (MSR and parole are continuation of custody until sentence expires); *see also United State v. Leiva*, 821 F.3d 808, 821-22 (7th Cir. 2016) ("Supervised release is part of the overall sentence.").  And challenges to either the conditions or the revocation of MSR fall within the jurisdiction of the habeas statute.  *See Williams*, 336 F.3d at 579-80; *see also Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (explaining that "in any case in which habeas corpus is available, it is the prisoner's exclusive remedy," "[a]nd habeas corpus is available to anyone in custody, probationers included").  Moreover, like prison disciplinary decisions revoking good-time credit, the revocation of parole is an administrative decision that extends the period of confinement under the plaintiff's sentence.  Thus, section 1983 claims challenging the revocation of MSR, like claims challenging the revocation of good-time credit, contend that the plaintiff was entitled to a speedier release from confinement.  *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole."); *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) ("*Heck* applies to proceedings which call into question the fact or duration of parole.").

Accordingly, this court, and other circuits that have addressed the issue, recognize that *Heck*'s favorable termination requirement applies to section 1983 claims that necessarily imply the invalidity of a decision to revoke the plaintiff's parole or MSR.  *See Knowlin*, 207 F.3d at 908-09; *Antonelli*, 104 F.3d at 900-01; *see also, e.g.*, *Hadley v. Quinn*, 524 F. App'x 290, 293 (7th Cir. 2016) (*Heck* barred former inmate's section 1983 claims against parole agents because those claims necessarily challenged parole revocation); *Brown v. Hackbarth*, 445 F. App'x 865, 867 (7th Cir. 2011) ("*Heck* bars claims for damages under section 1983 that would necessarily invalidate a confinement imposed by a legal process, such as a parole board hearing."); *Graham v. Waters*, 805 F. App'x 572, 577 (10th Cir. 2020) (*Heck* barred section 1983 claims that necessarily challenged parole revocation); *Williams v. Consovoy*, 453 F.3d 173, 176-77 (3d Cir. 2006) (*Heck* barred section 1983 claims against parole officer and parole board member alleging wrongful arrest and revocation of parole for violating sex offender conditions); *White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (*Heck* bar applied because "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [plaintiff's] parole and ordering him back to prison"); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995) (*Heck* barred section 1983 claims that necessarily implied invalidity of revocation of mandatory supervision).

Here, if successful, Courtney's claims would necessarily imply the invalidity of the Prisoner Review Board's order revoking his MSR.  A warrant was issued for Courtney's arrest because he had violated his MSR conditions by failing to provide a

proper host site as required of a sex offender. (Doc. 132-6 at 2-6). The Prisoner Review Board, in turn, issued an order finding that Courtney had violated his MSR conditions and so revoked his MSR, requiring his continued confinement. (Doc. 132-12 at 1). For his part, Courtney claims that Defendants failed to investigate two proper host sites that he had purportedly proposed, wrongfully charged him with violating his MSR housing conditions, and improperly refused to release him to MSR. (*See* Doc. 69 at 16-23). But if Courtney is correct, a judgment in his favor would necessarily imply the invalidity of the decision to revoke his MSR. (*See* Doc. 132-6 at 1-6; 132-12).

Because Courtney's section 1983 claims, if successful, would necessarily imply the invalidity of the decision to revoke his MSR, they are subject to *Heck*'s favorable termination requirement. *See Knowlin*, 207 F.3d at 908-09.[3] Courtney, however, did not obtain a decision invalidating the revocation. *See Armato v. Grounds*, 766 F.3d 713, 722 (7th Cir. 2014) (affirming summary judgment on due process challenge to continued detention during MSR given available state remedies through habeas corpus, writ of mandamus and state common law claims). Therefore, the district court properly dismissed Courtney's claims as barred under *Heck*. (Doc. 145 at 7-9).

---

[3] To the extent that Courtney suggests that the Attorney General's brief during his prior appeal conceded that some defendants had violated his constitutional rights, AT Br. at 8, Courtney mischaracterizes that brief. The Attorney General, merely acknowledged that Courtney's allegations "stated a claim" for an Eighth Amendment violation, not that he was entitled to prevail on any of his claims. *Courtney I*, 756 F. App'x at 627.

**B.    Courtney fails to show that the district court erred in concluding that *Heck* barred his claims.**

**1.    Courtney presents no argument that *Heck* does not apply to claims that imply the invalidity of a parole revocation and, regardless, the authority is clear.**

Despite the district court's holding that *Heck*'s favorable termination requirement applied to Courtney's claims because they implied the invalidity of the revocation of his MSR (Doc. 145 at 7-8), Courtney does not attempt to distinguish *Knowlin*, on which the district court relied, or to develop any legal argument that section 1983 claims that necessarily call into question MSR revocations do not implicate *Heck*, *see* AT Br. at 12-16. Therefore, he has forfeited any argument that the *Heck* rule does not apply to such claims. *See Wenzel*, 854 F.3d at 961.

In the district court, however, Courtney suggested that *Knowlin* and *Antonelli* did not apply *Heck*'s favorable termination requirement to the revocation of parole. (*See* Doc. 134 at 3-4). But *Knowlin* held that *Heck* barred the plaintiff's section 1983 claim challenging his extradition under a parole violation warrant because that claim "would necessarily imply the invalidity of his [subsequent] parole revocation." 207 F.3d at 909. Similarly, *Antonelli* applied *Heck* to a former parolee's section 1983 claims challenging his detention following his arrest under an allegedly improper parole violator warrant. 104 F.3d at 900-01. *Antonelli* explained that the *Heck* rule applied to claims "premised as here on the invalidity of confinement pursuant to some legal process," including a "warrant" or "parole revocation." *Id*. at 901.

Accordingly, this court since has repeatedly applied *Heck* to section 1983 claims that, if successful, would imply the invalidity of a decision to deny or revoke

the plaintiff's parole or MSR. *See Hadley*, 524 F. App'x at 293 (*Heck* barred claims against parole agents and supervisors because they would imply invalidity of parole revocation); *Brown*, 445 F. App'x at 867 (*Heck* barred claims that challenged denial of parole based on allegedly false information); *Blackmon v. Hamblin*, 436 F. App'x 632, 633 (7th Cir. 2011) (affirming dismissal of section 1983 damages claim challenging parole condition because it implied invalidity of parole revocation); *Easterling v. Siarnicki*, 435 F. App'x 524, 525-26 (7th Cir. 2011) (*Heck* barred section 1983 claims against parole agents because claims implied invalidity of revocation of MSR for refusing to comply with conditions).

### 2. Courtney misconstrues the significance of *Savory*.

In addition to failing to address the many cases holding that *Heck* applies to a plaintiff's section 1983 claims that necessarily call into question the revocation of his parole or MSR, Courtney misconstrues the significance of this court's decision in *Savory*. *See* AT Br. at 13-15. Contrary to Courtney's suggestion, *see id.*, Defendants did not argue, and the district court did not hold, that *Savory* changed the law with respect to the applicability of *Heck* to section 1983 claims that call into question parole revocation decisions. This court had recognized that *Heck* applies to such claims at least 20 years prior to *Savory*. *See Knowlin*, 207 F.3d at 909; *Antonelli*, 104 F.3d at 900-01. And *Savory* did not address claims challenging the revocation of parole at all.

Rather, as the district court explained (Doc. 145 at 5-6), *Savory* overruled prior authority, including *Whitfield*, to the extent that these cases held that section 1983

claims could proceed where federal habeas corpus relief was unavailable because the plaintiff had been released from custody, *Savory*, 947 F.3d at 422-31.  When Defendants filed their answer to the operative complaint in December 2019, the *Heck* rule generally did not apply to actions if habeas relief was unavailable because the plaintiff was no longer in Department custody, except under limited circumstances. *See, e.g.*, *Whitfield*, 852 F.3d at 663-64; *Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006).  Because Courtney had completed his sentence and was released from custody before he filed this action in September 2016 (Doc. 1), and so habeas relief was no longer available to him, Defendants did not initially raise the *Heck* defense.  In *Savory*, however, this court held that the *Heck* rule applies "regardless of the availability of habeas relief," and abrogated those prior decisions to the extent that they suggested otherwise.  947 F.3d at 430-31.

Accordingly, the district court granted Defendants' motion for reconsideration to amend their answer to assert the *Heck* defense, and then addressed whether *Heck* barred Courtney's claims.  (Doc. 145 at 6).  As explained *supra*, because Courtney's claims necessarily implied the invalidity of the revocation of his MSR, the district court properly concluded that they were subject to the favorable termination requirement, and so barred under *Heck*.  (*Id*. at 7-9).

**3. Courtney's characterization of his claims as alleging that Defendants failed to administer his sentence and release does not take his claims outside of *Heck*.**

Otherwise, Courtney argues that the district court improperly applied the *Heck* rule to his claims because he purportedly is challenging Defendants' "failure to administer" his sentence and release him rather than the revocation of his MSR. AT Br. at 15-17. In support of this argument, Courtney cites only district court decisions from the Fifth Circuit. *See id*. at 15-16 & n.6. Such trial court decisions are not binding authority on this or any court. *See Wirtz v. City of South Bend*, 669 F.3d 860, 863 (7th Cir. 2012).

Moreover, contrary to Courtney's characterization, none his cited decisions addressed "the precise situation faced by Courtney," AT Br. at 15, or claims that necessarily challenged a parole revocation decision. Rather, those decisions addressed claims alleging that the defendants had held the plaintiffs beyond their sentence (including any period of parole or MSR) for different reasons: an unexplained failure to release the plaintiff after the his sentence (of "time-served") was completed, *Traweek v. Gusman*, 414 F. Supp. 3d 847, 853, 859 & n.15 (E.D. La. 2019), *appeal docketed*, No. 21-30096 (5th Cir. Feb. 19, 2021); an improper sentence recalculation that extended the plaintiff's sentence beyond the original date it was set to expire[4], *Frederick v. LeBlanc*, 2020 WL 2121109, *1, 3-4 (M.D. La. 2020), *appeal*

---

[4] Although the plaintiff's parole was revoked in *Frederick*, he did not challenge that revocation, instead claiming that the subsequent recalculation of his release date was unlawful. *See id*., *1.

*docketed*, No. 21-30660 (5th Cir. Oct. 26, 2021); and the detention of an undocumented alien pursuant to immigration policy after the plaintiff's undisputed completion of his criminal sentence, *Ortiz Villagran v. Cnty. of El Paso, Tex.*, 2020 WL 4012579, *4-5 (W.D. Tex. July 2, 2020).  Thus, none of Courtney's cited decisions involved claims that, if successful, would have implied the invalidity of the revocation of the plaintiff's parole or MSR.  After all, like this court, the Fifth Circuit has long held that section 1983 claims that, if successful, would imply the invalidity of a decision to revoke a plaintiff's parole or MSR are subject to *Heck*'s favorable termination requirement.  *See, e.g.*, *Littles*, 68 F.3d at 123-24; *McGrew*, 47 F.3d at 160-61; *see also Colvin v. LeBlanc*, 2 F.4th 494, 499 (5th Cir. 2021) (*Heck* barred section 1983 claims challenging state officials' alleged sentence miscalculation).

To the extent that Courtney suggests that the *Heck* rule applies only to claims against parole board members that specifically challenge their revocation decision or allege misconduct in reaching that decision, he is wrong.  *Heck* applies to all section 1983 claims that, if successful, would necessarily imply the invalidity of the revocation of MSR or parole, including those "premised as here on the invalidity of confinement pursuant to some legal process."  *Antonelli*, 104 F.3d at 901.  Accordingly, this court has held that *Heck* barred section 1983 claims against parole officers and prison officials for their alleged misconduct throughout the legal process that resulted in the denial or revocation of parole, including improperly executed parole warrants, wrongful arrests for parole violations, and the provision of false information to the parole board.  *See Hadley*, 524 F. App'x at 291-93 (*Heck* barred

section 1983 claims against parole agents and supervisors for improper arrests for parole violations that allegedly occurred after parole had expired); *Brown*, 445 F. App'x at 866-67 (*Heck* barred section 1983 claims alleging that prison officials unconstitutionally placed false information in plaintiff's records because success on those claims would necessarily imply that decision denying plaintiff parole was invalid); *Knowlin*, 207 F.3d at 908-09 (*Heck* barred section 1983 claims alleging that plaintiff was improperly extradited from another State on parole violation warrant); *see also, e.g.*, *Huber*, 909 F.3d at 207-08 (*Heck* applied to section 1983 claims alleging that probation agents and supervisors unconstitutionally prolonged plaintiff's custody after his sentence of probation expired); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (*Heck* barred section 1983 claim alleging that parole officer improperly obtained warrant for plaintiff's arrest, resulting in wrongful revocation of plaintiff's parole).

Courtney does not contend in his opening brief, and did not argue in the district court, that the *Heck* rule did not apply to his claims because they are procedural challenges that would only have required a new parole hearing rather than his release to MSR. *See* AT Br. at 12-17; (Docs. 98, 134). Therefore, he doubly forfeited any such argument on appeal. *See Wenzel*, 854 F.3d at 961; *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010) (party waived arguments on appeal by failing to present them to district court). Regardless, procedural due process challenges that necessarily imply the invalidity of the underlying judgment or sentence, like Courtney's claims, are equally subject to *Heck*'s favorable termination

requirement.  *See Edwards*, 520 U.S. at 644-47 (plaintiff's due process claims alleging that defendants prevented him from presenting exculpatory evidence at prison disciplinary hearing necessarily implied invalidity of resulting sanction and therefore were barred by *Heck*); *Lusz v. Scott*, 126 F.3d 1018, 1020-21 (7th Cir. 1997) (same).

Here, Courtney has never argued, either in the district court or in his opening appellate brief, that a judgment in favor of any of his claims would not necessarily imply the invalidity of the revocation of his MSR.  *See* AT Br. at 12-17; (Doc. 134 at 2-5; Doc. 98 at 3-5).  Nor would such an argument be correct.  According to Courtney, Defendants failed to sufficiently investigate his proposed host sites, ignored his subsequent communications regarding those host sites, and provided Courtney with no opportunity to present his host sites to the Prisoner Review Board, with the result that Defendants violated Courtney's constitutional rights by failing to release him to MSR even though he had satisfied his housing conditions.  (Doc. 69 at 20-23; *see id*. at 16-20).  Thus, success on Courtney's claims would necessarily imply the invalidity of the revocation of his MSR and resulting extended confinement.  Courtney's effort to characterize his claims as merely alleging that Defendants failed to administer his sentence cannot change this result.

Indeed, the alleged injury that Courtney seeks to vindicate with each of his claims was the extended confinement resulting from Defendants' purportedly improper warrant and arrest for violating his MSR conditions, the resulting revocation of his MSR, and Defendants' failure to reverse that revocation decision. (Doc. 69 at 3, 15-16).  In turn, if successful, Courtney sought damages that would be

measured by the length of his alleged wrongful confinement and the financial and emotional consequences of that confinement. (*Id*. at 3, 15, 17-18, 20, 24); *see Butterfield*, 120 F.3d at 1025 (*Heck* applied to section 1983 due process claims challenging denial of parole as "in substance his damages may only be measured by that confinement"). Indeed, on appeal, Courtney contends that Defendants' alleged "failure to administer" his sentence "is the *only thing* that resulted in that revocation." AT Br. at 16-17 (emphasis in original). Thus, Courtney agrees that, if successful, his claims would necessarily imply that the revocation of his MSR was invalid.

Courtney's claims were subject to *Heck*'s favorable termination requirement because a judgment in his favor would necessarily imply that the revocation of his MSR was invalid. Courtney, however, has never argued, nor could he show, that he obtained favorable termination. Therefore, this court should affirm the district court's dismissal of his claims.

## CONCLUSION

For these reasons, Defendants-Appellees Butler, Lashbrook, Godinez, and

Harrington request that this court affirm the district court judgment.

Respectfully submitted,

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

/s/ Christopher M. R. Turner
**CHRISTOPHER M. R. TURNER**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2106 (office)
(773) 590-7121 (cell)
Christopher.Turner@ilag.gov

100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3312

Attorneys for Defendants-Appellees
Kimberley Butler, Jaqueline
Lashbrook, Salvador Godinez, and
Rick Harrington

June 21, 2022

**CERTIFICATE OF COMPLIANCE WITH LENGTH LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

I hereby certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Circuit Rule 32 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2016, in 12-point Century Schoolbook BT font, and complies with Federal Rule of Appellate Procedure 32(a)(7)(B)(i) and Circuit Rule 32(c) in that the brief is 7,022 words.

/s/ Christopher M.R. Turner
CHRISTOPHER M. R. TURNER
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2106 (office)
(773) 590-7121(cell)
Christopher.Turner@ilag.gov

**CERTIFICATE OF FILING AND SERVICE**

I certify that on June 21, 2022, I electronically filed the foregoing **Brief of Defendants-Appellees** with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  The other participants, named below, are CM/ECF users, and thus will be served via the CM/ECF system.

Timothy J. Wolf
twolf@bjpc.com
Benjamin S. McInstosh
bmcintosh@bjpc.com
Brown & James P.C.

/s/ Christopher M. R. Turner
CHRISTOPHER M. R. TURNER
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
(312) 814-2106 (office)
(773) 590-7121 (cell)
CivilAppeals@ilag.gov (primary)
Christopher.Turner@ilag.gov (secondary)