No. 21-2697

In the United States Court of Appeals
For the Seventh Circuit

**JAMES COURTNEY,**
*Plaintiff-Appellant*
v.
**KIMBERLY BUTLER, et al.**
*Defendants-Respondents*

On Appeal from the United States District Court
For the Southern District of Illinois.
No. 3:16-cv-1062-NJR. The Honorable Nancy
J. Rosenstengel

**APPELLANT'S REPLY BRIEF**

**BROWN & JAMES, P.C.**

/s/ Benjamin S. McIntosh
Timothy J. Wolf, #6278879
Benjamin S. McIntosh, #6325759 (counsel of record)
800 Market Street, 11th Floor
St. Louis, MO  63101-2501
314-421-3400
314-421-3128 - FAX
twolf@bjpc.com
bmcintosh@bjpc.com

# TABLE OF CONTENTS

Table of Authorities………………………………………………………………………ii

Argument………………………………………………………………………………....1

Conclusion……………………………………………………………………………...3

Proof of Service. …………………………………………………………………….....4

Certificate of Compliance……………………………………………………………5

# TABLE OF AUTHORITIES

**Cases**

*Heck v. Humphrey*, 512 U.S. 477, 481 (1994)……………………………………………………2

*Hill v. Walker*, 241 Ill. 2d 479, 948 N.E.2d 601 (2011) ………………………………………….1

*Murdock v. Walker*,

  No. 08 C 1142, 2014 WL 916992 (N.D. Ill. Mar. 10, 2014)……………………………...1

*People v. Lee*, 2012 IL App (4th) 110403, ¶ 32, 979 N.E.2d 992…………………………………..1

**Statutes**

730 ILCS 5/5–8–1

#### ARGUMENT

Plaintiffs, like Courtney, who seek to vindicate their state court sentences when prison officials have undermined those sentences through unconstitutional deliberate indifference are not barred under the *Heck* doctrine from seeking relief under § 1983.

Defendants' response brief fails to account for, and generally whitewashes over, the difference between parole and MSR. Parole is discretionary and is not a mandatory aspect of a judicial sentence. *Hill v. Walker*, 241 Ill. 2d 479, 486, 948 N.E.2d 601, 605 (2011) ("In Illinois, this court has consistently held that parole is not a right … but a matter of grace and executive clemency"). In contrast, MSR is a mandatory part of an offender's judicial sentence. *See, e.g., Murdock v. Walker*, No. 08 C 1142, 2014 WL 916992, at *1 (N.D. Ill. Mar. 10, 2014) ("To be clear, there is a difference under Illinois law between prisoners who are to serve MSR and those who are to be released on parole."); *People v. Lee*, 2012 IL App (4th) 110403, ¶ 32, 979 N.E.2d 992, 1000 ("***MSR is a mandatory part of a criminal sentence***. 730 ILCS 5/5–8–1(d) (West 1998).").

This critical distinction takes the case outside the *Heck* doctrine because, far from implying the invalidity of a state court judgment, Courtney seeks to vindicate his judicial sentence and hold the Defendants accountable for failing to administer that judgment with deliberate indifference. Defendants' notably fail to contest that they kept Courtney imprisoned past his judicial sentence and failed to take any action to rectify his continued wrongful incarceration. Instead, they argue that *Heck* implicitly allows this conduct by shielding it from liability, so long as the offender's MSR was revoked by the parole board. But the record shows the Defendants had the power to undo the MSR revocation by doing *something*, *anything*, once they knew Courtney should have been released to a halfway house or another host site. Instead, they did nothing despite Courtney's

pleas for them to vindicate his judicially mandated period of MSR. And, critically, the parole board's revocation order specifically contemplated that Courtney would, soon, get a new and proper host site, at which point he could be released. (Doc. 138-8). This order expressly contemplated that IDOC would *do something* to get Courtney a proper host site. *Id*. It was the Defendants, not Courtney, who *violated* his judicial sentence and *ignored* the parole board's revocation order. It was only through the deliberate indifference of the Defendants that Courtney never was released under his judicially mandated period of MSR.

As the Court can see, Courtney's claim is not that the parole board's MSR revocation was necessarily *wrong*. Rather, it came to pass and was never rectified due to the Defendants' deliberate indifference. Once the Defendants were informed by Courtney that he had a proper host site and could be released, or that he should have been released to a halfway house, their failure to take any actions to vindicate his judicial sentence (1) violated the parole board's order and (2) constituted deliberate indifference in violation of Courtney's constitutional rights under the Eighth and Fourteenth Amendments. If *Heck* really applied here, then prison officials would be free to ignore information showing prisoners have a right to be released on MSR as long as the parole board previously found the prisoner lacked a proper host site—even if, in fact, the prisoner does have a proper host site, should be released to a halfway house, and/or the parole board anticipated IDOC would find a proper host site.

Fortunately, the *Heck* doctrine does not go that far. *Heck* does not empower prison officials to undermine a judicial sentence by exhibiting deliberate indifference to the wrongful incarceration of someone who has the right to be released on MSR under that sentence. Instead, *Heck* is a limited exception to the general rule that "exhaustion of state remedies is not a prerequisite to an action under § 1983" when "judgment in favor of the plaintiff would ***necessarily imply the invalidity*** of

2

his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 481, 487 (1994). Thus, the *Heck* doctrine does not shield prison officials from liability where their actions, not those of the offender, undermine the state court judgment. This is because, in cases like this one, the offender's § 1983 claim does *not* "necessarily imply the invalidity of his conviction or sentence." No case cited by Defendants—including those from this Court—can be read to extend *Heck* to the extremes of this case. Because Courtney only seeks to vindicate his original state court sentence and the term of MSR within it, his § 1983 claims are not barred by *Heck*. Defendants' choice to also violate the parole board's clear instruction that a proper host site must be found for Courtney does only reinforces that *Heck* does not bar Courtney's claim.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be reversed, and the case remanded so Courtney's § 1983 claims may proceed.

                                        Respectfully submitted,

                                        James Courtney,

                                        /s/ Benjamin S. McIntosh
                                             One of his attorneys

Timothy J. Wolf, #6278879
Benjamin S. McIntosh, #6325759
800 Market Street, 11th Floor
St. Louis, MO 63101-2501
314-421-3400
314-421-3128 – FAX
twolf@bjpc.com
bmcintosh@bjpc.com

## PROOF OF SERVICE

    I, Benjamin S. McIntosh, certify that I have this day caused to be electronically filed the Brief of Appellant, along with the attached Circuit Rule 30(a) appendix with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I also certify that all the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                      /s/ Benjamin S. McIntosh

## C<small>ERTIFICATE OF</small> C<small>OMPLIANCE</small>

I, Benjamin S. McIntosh, certify that the Brief of Appellant (including footnotes, the disclosure statements, table of contents, table of citations and certificates of counsel) contains 1,177 words of proportionally-spaced type in compliance with the type-volume limitation of Fed. R. App. P. 32(a)(7) and Circuit Rule 32. The brief is rendered in 12-point Times New Roman font in the body text, and 12-point Times New Roman font in the footnotes.

/s/ Benjamin S. McIntosh

Date: August 10, 2022